**G.W. TWILLIGEAR, Jr., Former County Judge of Real County, Texas and W.B. Sansom, Current Judge of Real County, Texas, Individually and in their Official Capacities, Appellants**

v.

**Joyce Cole CARRELL, Individually and as Dependent Administratrix of the Estate of Pearl Matson Head, Deceased, Appellee.**

No. 14–03–01049–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 26, 2004.

Robert Thrane Bass, Austin, for appellants.

C. Rex Hall, Austin, Joseph S. Horrigan, Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and SEYMORE.

## OPINION

RICHARD H. EDELMAN, Justice.

G.W. Twilligear, Jr., and W.B. Sansom, the former and current County Judges of Real County, Texas, respectively, (collectively, the "judges") appeal the trial court's denial of their motions for summary judgment [1] on the grounds that the doctrines of judicial and sovereign immunity protect them from liability under section 671(d) of the Texas Probate Code beyond the amounts of their official bonds.[2] We reverse and render judgment in favor of the judges.

## Background

Joyce Cole Carrell, individually [3] and as Dependent Administratrix of the Estate of Pearl Matson Head, Deceased, filed suit against the judges in both their official [4] and individual capacities for negligence and gross negligence in failing to adequately oversee expenditures from a guardianship account so as to require a

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5), (8) (Vernon Supp.2004) (allowing interlocutory appeals of orders denying motions for summary judgment based on an assertion of immunity by an officer or employee of the state or a political subdivision).

2. There is thus no issue before us in this appeal as to the judges' alleged liability *on* their official bonds under section 671, but only as to their alleged liability *above* the amounts of those bonds.

3. It is not apparent from our record what standing Carrell has to sue individually.

4. The county judge of each county is the presiding officer of the county's (constitutional) county court. TEX. CONST. art. V, § 16; *see id.* § 15. In counties that have no statutory probate court, the (constitutional) county court has probate jurisdiction, concurrent with the statutory county court(s), if any. *See* TEX. PROB.CODE ANN. § 4 (Vernon 2003); TEX. GOV'T CODE ANN. § 25.0003(d), (e) (Vernon 2004).

sufficient bond for a guardian ad litem.[5] As relevant to this appeal, the judges filed motions for summary judgment claiming judicial and qualified immunity,[6] which the trial court denied.

## Standard of Review

A traditional summary judgment "shall be rendered forthwith" if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. TEX.R. CIV. P. 166a(c). In reviewing a summary judgment ruling, we take all evidence favorable to the nonmovant as true and resolve every doubt, and indulge every reasonable inference, in the nonmovant's favor. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003).

## Judicial Immunity

Judges acting in their official judicial capacity have immunity from liability and suit[7] for judicial acts performed within the scope of their jurisdiction. *See Dallas County v. Halsey,* 87 S.W.3d 552, 554 (Tex.2002).[8] This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is overcome only for actions that are: (1) nonjudicial, *i.e.,* not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Whether an act is judicial (or nonjudicial) for this purpose is determined by the nature of the act, *i.e.,* whether it is a function normally performed by a judge,[9] as contrasted from other administrative, legislative, or executive acts that simply

**5.** Section 671 of the Texas Probate Code provides:

    (a) The court shall use reasonable diligence to determine whether a guardian is performing all of the duties required of the guardian that pertain to the guardian's ward.

    (b) The judge, at least annually, shall examine ... the solvency of the bonds of the guardians of the estates.

    (c) If after examining the solvency of a guardian's bond under this section a judge determines that the guardian's bond is not sufficient to protect the ward or the ward's estate, the judge shall require the guardian to execute a new bond.

    (d) The judge shall notify the guardian and the sureties on the bond as provided by law. If damage or loss results to a guardianship or ward because of gross neglect of the judge to use reasonable diligence in the performance of the judge's duty under this section, the judge shall be liable on the judge's bond to those damaged by the judge's neglect.

TEX. PROB.CODE ANN. § 671(a)-(d) (Vernon 2003).

**6.** Real County also filed a motion for summary judgment and a plea to the jurisdiction based on immunity, claiming that it was entitled to appear as the real party in interest in a suit against the County Judge in his official capacity and to thereby defend its interest in the litigation. On appeal, the County also seeks a determination of its right to so appear in the lawsuit. However, we do not address that issue because: (1) the record is unclear as to whether, or on what grounds, the trial court ruled on it; (2) it is inadequately briefed on appeal; and (3) it is unnecessary to our disposition of the appeal.

**7.** *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

**8.** However, judicial immunity is not a bar to *prospective injunctive* relief against a judicial officer acting in a judicial capacity or to attorney's fees for obtaining such relief. *Pulliam v. Allen,* 466 U.S. 522, 542–44, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984).

**9.** *Mireles,* 502 U.S. at 12, 112 S.Ct. 286.

happen to be done by judges. *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts.[10] Conversely, nonjudicial acts include other tasks, even though essential to the functioning of courts and required by law to be performed by a judge, such as: (1) selecting jurors for a county's courts; (2) promulgating and enforcing a code of conduct for attorneys; and (3) making personnel decisions regarding court employees and officers. *See id.* at 228–31, 108 S.Ct. 538.

▪ In this case, because the actions required of probate judges under section 671 are directly related to conducting the guardianship proceedings pending in their courts, they are both judicial acts and within the jurisdiction of the probate judges by whom they are required; and

are, thus, protected by judicial immunity.[11] Accordingly, the judges' first issue is sustained, and we need not reach their other grounds for challenging the denial of their motions for summary judgment. The judgment of the trial court is reversed, and judgment is rendered that the judges have no liability for failing to perform their duties under section 671 beyond whatever liability can be found, if any, on their bonds, as expressly provided in that section.[12]

---

10. *Mireles*, 502 U.S. at 13, 112 S.Ct. 286 (holding that ordering police officers to use excessive force in bringing a lawyer into court was a judicial act); *Forrester*, 484 U.S. at 227, 108 S.Ct. 538 ("When applied to ... acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial.").

11. To support her position that the duties imposed by section 671 are not judicial acts, Carrell cites *Heyn v. Mass. Bonding & Ins. Co.*, 110 S.W.2d 261, 264–66 (Tex.Civ.App.-Dallas 1937, writ dism'd w.o.j.). However we find no guidance in that opinion because: (1) the issue of a nonjudicial duty was addressed only in the context of a constitutional separation of powers challenge, and no issue of judicial immunity was involved; and (2) the lawsuit was against only the surety on the judge's official bonds and solely for recovery on those bonds. *Id.* at 262, 264–66. Carrell also cites *Bernardoni* and *Prichard* as establishing that a judge's liability under section 671 exceeds the amount of his bond. *See Bernardoni v. Holman*, 177 S.W.2d 321, 322 (Tex.Civ.App.-Galveston 1944, writ ref'd);

*Tarrant County v. Prichard*, 89 S.W.2d 1028, 1028 (Tex.Civ.App.-Fort Worth 1935, writ dism'd). However, no such conclusion logically follows from the holdings of those cases, as Carrell contends, that actions against a judge for breach of official duties are governed by the two-year statute of limitations pertaining to negligence and breach of statutory duty, rather than the four-year period applicable to a suit on a written instrument, such as a bond. *See Bernardoni*, 177 S.W.2d at 322; *Prichard*, 89 S.W.2d at 1028. Nor is Carrell's position supported by the imposition of personal liability against the county judge in *Prichard*, whose liability was for not remitting to the County enough of the delinquent fees he had collected. *See Prichard*, 89 S.W.2d at 1029. No issue of judicial immunity was addressed in that opinion, nor would any have presumably applied as the act of accounting for and remitting fees to the County was nonjudicial.

12. We also deny Carrell's motion to strike portions of the judges' reply brief because the assertions in that brief were not material to our disposition of the appeal.