In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-041 CV


____________________



JAMES WRIGHT, Appellant



V.



JAMES METTS AND JIMMY MALMAY, Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-01-00498-CV






 MEMORANDUM OPINION 


 James Wright, Appellant, sued James Metts and Jimmy Malmay, Appellees, for
conversion. Based on immunity defenses, the trial court granted Metts's and Malmay's 
motions for summary judgment. Wright filed this appeal, in which he raises one issue for
our consideration. We affirm the trial court.

Background

 Metts serves as the Justice of the Peace for Montgomery County, Texas, Precinct 4. 
Malmay is a detective with the Montgomery County Sheriff's Department. Malmay received
a letter from James Volonnino stating that he had located his previously reported stolen gun
at the Redi-Cash Pawn #1. The letter also stated that Volonnino had given the gun to his
friend, Wright, "for safekeeping;" and it was from Wright's residence that the gun was
stolen. Malmay seized the gun from the pawnshop. During Malmay's investigation, he
discovered that Volonnino was prohibited from possessing any firearm pursuant to the terms
of his deferred adjudication probation. Malmay met with Volonnino and explained that
given these circumstances, he could not recommend that the gun be returned to Volonnino. 
Volonnino executed a refusal to prosecute his theft claim. 

 Malmay filed an inventory of property seized and listed Volonnino and Redi-Cash
Pawn as possible parties with a claim to the gun. On January 12, 2005, Metts conducted the
property seizure hearing. Neither Volonnino nor Redi-Cash Pawn appeared at the hearing. 
Wright did appear, claimed that he owned the gun, and that Volonnino had given it to him. 
Wright also requested a continuance in order for his attorney to attend, which was denied. 
Metts awarded the gun to the Montgomery County Sheriff's Department. At the hearing,
Wright indicated his desire to appeal and Metts set the appeal bond at $1,500.00, twice the
value of the firearm as provided by Wright. The order was not appealed. 

 Soon after the seizure hearing, Wright filed his petition against Metts and Malmay,
alleging conversion. A "Bill of Sale" was attached to Wright's pleading, indicating that
Volonnino gave the gun to Wright as consideration for Wright's assistance. Metts and
Malmay filed traditional motions for summary judgment based on immunity defenses. Their
motions for summary judgment were granted. Wright now appeals claiming that the trial
court erred in granting Metts's and Malmay's motions for summary judgment because they
were not entitled to immunity.

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). The party moving for a traditional summary judgment bears
the burden of establishing that no genuine issue of material fact exists and that he is entitled
to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995). A defendant moving for summary judgment on
the defense of immunity must plead and conclusively establish each element of the defense
as a matter of law. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). If the
defendant satisfies this burden, the burden shifts to the plaintiff to present evidence raising
a material fact issue on the affirmative defense. Gonzales v. City of Harlingen, 814 S.W.2d
109, 112 (Tex. App.-Corpus Christi 1991,writ denied); see also Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue
precluding summary judgment, the court takes the nonmovant's evidence as true, indulges
every reasonable inference in favor of the nonmovant, and resolves any doubt in the
nonmovant's favor. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

Ultra Vires Acts

 Wright's brief focuses on the allegation that Metts and Malmay engaged in ultra vires
acts. Specifically, Wright argues that the "determination of whether an ultra vires act has
been committed is one that should be presented and decided on by a jury, and not disposed
of because of a Motion for Summary Judgment." Wright provides no authority for this
proposition. 

Judicial Immunity

 Judges acting in their official judicial capacity have absolute immunity from liability
for judicial acts performed within the scope of their jurisdiction. Dallas County v. Halsey,
87 S.W.3d 552, 554 (Tex. 2002). Judicial immunity extends to actions undertaken due to 
error, done maliciously, or that exceed the judge's authority. See Stump v. Sparkman, 435
U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judges are generally immune
except for their nonjudicial actions, i.e., those not undertaken in the judge's official capacity;
or those actions taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S.
9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

 The nature of the act-whether the act is a function normally performed by judges, as
contrasted with administrative, legislative, or executive functions that judges may be called
to perform as a result of their position-is considered when determining whether the act is
judicial or nonjudical. Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555
(1988). "Judicial acts include those performed by judges in adjudicating, or otherwise
exercising their judicial authority over, proceedings pending in their courts." Twilligear v.
Carrell, 148 S.W.3d 502, 505 (Tex. App.-Houston [14th Dist.] 2004, pet. denied). 
Nonjudicial acts, on the other hand, are acts such as: (1) selecting jurors for a county's
courts; (2) promulgating and enforcing a code of conduct for attorneys; and (3) making
personnel decisions regarding court employees and officers. See Forrester, 484 U.S. at 228-30.

 The summary judgment evidence proved that Metts held a seizure hearing to
determine the right of possession of the gun pursuant to article 47.01a of the Texas Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 47.01a (Vernon Supp. 2006). None
of Wright's summary judgment evidence proved that any actions taken by Metts were not
associated with the judicial proceeding to determine ownership of the gun. Metts's decisions 
to deny a continuance, accept or reject evidence, determine ownership of property at a seizure
hearing, and set an appeal bond based on statutory guidelines are each within his judicial
authority. As a result, Metts's actions are protected by judicial immunity. The summary
judgment evidence supports the trial court's conclusion that Metts was entitled to summary
judgment based on his judicial immunity. 



Official Immunity

 Public officials are entitled to official immunity and thus, are protected from suit when
their actions are within the scope of their authority and arise from their discretionary duties
performed in good faith. Chambers, 883 S.W.2d at 653. Official immunity applies to law
enforcement employees. See Telthorster v. Tennell, 92 S.W.3d 457, 459-60 (Tex. 2002)
(arrest); Wadewitz v. Montgomery, 951 S.W.2d 464, 467 (Tex. 1997) (response to burglary);
Chambers, 883 S.W.2d at 653 (high-speed chase). 

 Discretionary actions require personal deliberation, decision, and judgment. 
Chambers, 883 S.W.2d at 654. In contrast, actions requiring obedience to orders or 
performance of duties to which officials have no choice are ministerial. Id. Generally, a law
enforcement officer's investigatory duties are discretionary. See Wyse v. Dep't of Public
Safety, 733 S.W.2d 224, 227 (Tex. App.-Waco 1986, writ ref'd n.r.e.). 

 According to Malmay's summary judgment evidence, his investigation surrounding
the alleged theft of the gun and the subsequent events, including the gun's seizure, involved
his judgment, deliberation, and decisions as to his course of action. Volonnino reported the
gun stolen. Volonnino then forwarded correspondence to Malmay informing him of the
location of the gun at Redi-Cash Pawn. Volonnino's letter specifically stated that because
he was on deferred adjudication, he "had to give [his] weapon to a friend ([James] Wright)
for safekeeping" and that it was from Wright's residence that the gun was stolen. Wright
strongly recommended that Malmay investigate the matter. Malmay then recovered the gun
from Redi-Cash Pawn and proceeded with filing the property inventory. During Malmay's
investigation, Volonnino represented that he was the owner of the gun, not Wright. Malmay
had no reason to believe that Wright would claim possession to the gun. Therefore, Malmay's
acts were discretionary.

 An officer acts in good faith if a reasonably prudent officer, under the same or similar
circumstances, could have believed that the officer's actions were warranted based on the
information the officer possessed when the actions occurred. Chambers, 883 S.W.2d at 656. 
For summary judgment purposes, Malmay bore the burden of proving that a reasonably
prudent officer might have reached the same conclusion. Id. at 657. To controvert Malmay's
claim that he acted in good faith, Wright must do more than show that a reasonably prudent
officer could have reached a different conclusion. Id. Rather, he must offer evidence that
no reasonable officer in Malmay's position could have believed that the facts were such that
they justified Malmay's actions. Id. Only objective evidence is to be considered, while
subjective evidence is to be rejected. Ballantyne v. Champion Builders, Inc., 144 S.W.3d
417, 428-29 (Tex. 2004). 

 The summary judgment evidence shows that following his investigation, Malmay
seized the gun and filed the inventory so the court could adjudicate ownership. Although the
investigation of the alleged theft of the gun and its subsequent seizure were within Malmay's
discretion, the court had sole authority to determine who had superior right to the gun. See
Tex. Code Crim. Proc. Ann. art. 47.01 (Vernon Supp. 2006) (upon an officer's seizure of
property alleged to have been stolen, the officer shall hold onto the property subject to a court
order). As previously discussed, the letter notifying Malmay that the gun was at the
pawnshop only mentioned Wright as being given the gun for "safekeeping," not that he
owned it. Moreover, it was Volonnino who reported the gun as stolen, not Wright. 

 Malmay's summary judgment evidence established that a reasonably prudent officer
would have reported that Volonnino and Redi-Cash Pawn were possible parties with a claim
to the gun. Wright's summary judgment evidence fails to prove that no reasonably prudent
officer, under the circumstances here, would have excluded Wright as a possible owner of
the gun. We find that the summary judgment evidence supports the trial court's conclusion
that Malmay acted in good faith

 Public officials act within the scope of their authority if they are discharging duties
generally assigned to them. Chambers, 883 S.W.2d at 658. Malmay's summary judgment
evidence places his act in listing the possible owners of the property as within the scope of
his employment. An investigation of a reported stolen gun and the gun's subsequent seizure
are within the duties generally assigned to police officers. See generally Tex. Code Crim.
Proc. Ann. art. 47.01. Wright points to no summary judgment evidence proving that
Malmay acted outside his general authority in filing the property inventory. Because
Malmay's evidence was sufficient to show that he was a public official undertaking
discretionary acts within the scope of his employment, and because Wright's summary
judgment evidence does not raise an issue to the contrary, the trial court did not err in
concluding that official immunity barred Wright's claim. 

 We have determined that both Metts and Malmay are each protected by immunity. 
Therefore, we affirm the trial court's summary judgment in favor of Metts and Malmay.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice


Submitted on October 26, 2006

Opinion Delivered December 14, 2006

Before Gaultney, Kreger, and Horton, JJ.