IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00274-CV

 

Hubert Warren,

                                                                                                Appellant

 v.

 

McLennan County Judiciary, 

Rex D. Davis, Bill Vance, Tom Gray, et al.,

                                                                                                Appellees

 

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2009-1280-5

 



MEMORANDUM  Opinion



 








            Hubert Warren filed suit against
several public officials connected with his prosecution and conviction for
aggravated assault of a public servant.[1]  Following
a hearing, the trial court granted a plea to the jurisdiction premised on
judicial immunity.  Warren contends in his sole point that the court abused its
discretion by granting the plea to the jurisdiction because he established at
the hearing that the defendants “acted in clear absence of all jurisdiction”
with regard to his trial and appeal.  We will affirm.

Background

            In an opinion authored by then-Chief
Justice Rex D. Davis,[2] this
Court affirmed Warren’s conviction.  See Warren v. State, 98
S.W.3d 739 (Tex. App.—Waco 2003, pet. ref’d).  In the current lawsuit, Warren
alleges several theories of liability all premised on his assertion that he
suffered injuries “due to the defendants negligent use of the State
indictment.”[3]  His
underlying complaint is that the prosecuting attorney improperly amended the
indictment on the eve of trial to correct the enhancement allegations by
identifying the specific prior convictions that would be used for enhancement
purposes.

            Chief Justice Tom Gray, Justice Rex D.
Davis, and former justice Bill Vance responded to the suit by filing an answer
and a plea to the jurisdiction premised on judicial immunity.[4] 
After a hearing, the trial court granted the plea to the jurisdiction.

 

Plea to the Jurisdiction

            Warren contends in his sole point that
the court abused its discretion by granting the plea to the jurisdiction
because he established at the hearing that the defendants “acted in clear
absence of all jurisdiction” with regard to his trial and appeal.  Appellees
respond that they have absolute judicial immunity.

            When a plea to the jurisdiction
challenges the pleadings, we determine if the plaintiff has alleged facts that
affirmatively demonstrate the trial court’s jurisdiction to hear the cause.  We
construe the pleadings liberally in favor of the plaintiff and look to his
intent.  City of El Paso v. Heinrich, 284 S.W.3d 366, 378 (Tex. 2009).

            “A judge generally has absolute
immunity from suits for damages.”  Davis v. Tarrant County, 565 F.3d
214, 221 (5th Cir.), cert. denied, ___ U.S. ___, 130 S. Ct. 624, 175 L.
Ed. 2d 478 (2009); accord In re Lincoln, 114 S.W.3d 724, 727 n.2 (Tex.
App.—Austin 2003, orig. proceeding) (per curiam).  This immunity applies to judges
acting in their official capacity for judicial acts performed within the scope
of their jurisdiction.  Twilligear v. Carrell, 148 S.W.3d 502, 504 (Tex.
App.—Houston [14th Dist.] 2004, pet. denied); see Davis, 565 F.3d at 221-22.

            “A judge will not be deprived of
immunity because the action he took was in error, was done maliciously, or was
in excess of his authority; rather, he will be subject to liability only when
he has acted in the ‘clear absence of all jurisdiction.’”  Stump v. Sparkman,
435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105, 55 L. Ed. 2d 331 (1978) (quoting Bradley
v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20
L. Ed. 646 (1872)); see Twilligear, 148 S.W.3d at 504.  Thus, Appellees
have absolute judicial immunity unless the conduct for which Warren seeks to
hold them liable was: “(1) nonjudicial, i.e., not taken in the judge’s
official capacity; or (2) taken in the complete absence of all jurisdiction.”  Twilligear,
148 S.W.3d at 504 (citing Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct.
286, 288, 116 L. Ed. 2d 9 (1991) (per curiam)).

            Warren contends that Appellees “acted
in clear absence of all jurisdiction” in deciding his appeal because the trial
court lacked jurisdiction.  See It’s the Berrys, LLC v. Edom Corner,
LLC, 271 S.W.3d 765, 772 (Tex.
App.—Amarillo 2008, no pet.) (“When a
trial court lacks subject matter jurisdiction to render a judgment, the proper
procedure on appeal is for the appellate court to set the judgment aside and dismiss
the cause.”) (citing Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 827
(1961) (orig. proceeding); Dallas County Appraisal Dist. v. Funds Recovery,
Inc., 887 S.W.2d 465, 471 (Tex. App.—Dallas 1994, writ denied)).  He
argues that the trial court lacked jurisdiction because it proceeded to trial
on an indictment which had been improperly amended.

            “Where a court has some subject matter
jurisdiction, there is sufficient jurisdiction for immunity purposes.”  Ballard
v. Wall, 413 F.3d 510, 517 (5th Cir. 2005) (quoting Malina v. Gonzales, 994
F.2d 1121, 1125 (5th Cir. 1993)); Bradt v. West, 892 S.W.2d 56, 68 (Tex.
App.—Houston [1st Dist.] 1994, writ denied).  If the district judge “merely
acted in excess of [his] authority,” he is still protected by judicial
immunity.  Ballard, 413 F.3d at 517 (quoting Malina, 994 F.2d at 1125).

            “The presentment of an indictment or
information to a court invests the court with jurisdiction of the cause.”  Tex. Const. art. V, § 12(b).  “[A]
written instrument is an indictment or information under the Constitution if it
accuses someone of a crime with enough clarity and specificity to identify the
penal statute under which the State intends to prosecute, even if the instrument
is otherwise defective.”  Teal v. State, 230 S.W.3d 172, 181 (Tex. Crim.
App. 2007) (quoting Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim.
App. 1997)).  In addition, “the indictment, despite whatever substantive
defects it contains, must be capable of being construed as intending to charge
a felony.”  Id.

            Here, Warren’s indictment alleged that
he committed the offense of aggravated assault of a public servant.  See
Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 22.02(b)(2), 1993 Tex.
Gen. Laws 3586, 3619-20 (amended 2003) (current version at Tex. Pen. Code Ann. § 22.02(b)(2)(B)
(Vernon Supp. 2009)).  Regardless of the propriety of the enhancement
allegations in the indictment, this was (and remains) a first degree felony
offense.  Id.  Warren does not contend that the allegations regarding
the primary charge of aggravated assault were insufficient to have vested the
district court with jurisdiction.  See Teal, 230 S.W.3d at 181.

            Even if the district court had
improperly permitted the State to proceed to trial on the amended indictment
(which we do not hold), the amended enhancement allegations affected only
Warren’s punishment.  If successfully challenged on appeal, Warren would have
obtained only a new punishment hearing, and his conviction would have remained
intact.[5]  See,
e.g., Throneberry v. State, 109 S.W.3d 52, 59-61 (Tex. App.—Fort
Worth 2003, no pet.).  Any defect in the enhancement allegations or any
impropriety in the State’s amendment thereof, did not deprive the district
court of jurisdiction to try Warren for aggravated assault of a public servant.

            The indictment vested the district
court with jurisdiction to try Warren for aggravated assault of a public
servant.  See Tex. Const. art. V, § 12(b);
Teal, 230 S.W.3d at 176.  Any improprieties in the State’s amendment of
the enhancement allegations of the indictment did not deprive the court of
jurisdiction.  And because the district court had subject matter jurisdiction,
so too did the court of appeals.  Cf. It’s the Berrys, 271 S.W.3d at 772.  Therefore, Appellees have judicial
immunity.  See Ballard, 413 F.3d at 517; Bradt, 892 S.W.2d at 68.

We overrule Warren’s sole point and affirm the
judgment.

 

FELIPE REYNA

Justice

Before Justice Reyna,

Judge
Willis,[6] and

Judge
Stanton[7]

Affirmed

Opinion delivered and
filed July 14, 2010

[CV06]









[1]
              Warren named as defendants the
former and current district attorneys of Ellis County, the Ellis County
district judge who presided over his trial, the justices of this Court who
participated in the opinion affirming his conviction, the judges of the Court
of Criminal Appeals, and an assistant attorney general.





[2]
              Davis resigned as chief
justice in August 2003 and returned to private practice.  He was subsequently
elected as a justice of the Court and took office in January 2009.

 





[3]
              This allegation appears to be
an effort on Warren’s part to allege a waiver of immunity under the Texas Tort
Claims Act for personal injury proximately caused by use of tangible personal
property.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.021(2) (Vernon 2005).  However, the Tort
Claims Act does not waive immunity for “a claim based on an act or omission of
a court of this state or any member of a court of this state acting in his
official capacity.”  Id.  § 101.053(a) (Vernon 2005).

 





[4]
              These are the only defendants
who appeared.  The other defendants were not served, and their failure to
appear raises the question of whether the judgment is final and appealable. 
The judgment will be considered final and appealable if nothing in the record
indicates that the plaintiff expected to obtain service on the other
defendants.  See Sondock v. Harris County Appraisal Dist., 231 S.W.3d 65,
67 n.1 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing M.O. Dental
Lab v. Rape, 139 S.W.3d 671, 674-75 (Tex. 2004) (per curiam); Youngstown
Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962)). 
Here, there is nothing in the record to indicate that Warren expected to obtain
service on the remaining defendants.  See Nabelek v. City of Houston,
No. 01-06-01097-CV, 2008 WL 5003737, at *4 (Tex. App.—Houston [1st Dist.] Nov.
26, 2008, no pet.) (mem. op.).  Thus, the judgment is final and appealable.





[5]
              But Warren’s success on such
an issue is highly doubtful because he pleaded “true” to the enhancement
allegations of the amended indictment.  See Villescas v. State,
189 S.W.3d 290, 294-95 (Tex. Crim. App. 2006) (notice of enhancement allegation
at beginning of punishment phase is constitutionally adequate if defendant
stipulates to allegation); Fugate v. State, 200 S.W.3d 781, 787 (Tex.
App.—Fort Worth 2006, no pet.) (Dauphinot, J., concurring) (“Stipulating to the
conviction named in an enhancement allegation or pleading true thereto
demonstrates that there is no harm from late notice”).





[6]
              The Honorable Jill R. Willis,
Judge of the 429th District Court of Collin County, sitting by appointment of
the Governor of Texas pursuant to article V, section 11 of the Texas
Constitution.  See Tex. Const.
art. V, § 11.

 





[7]
              The Honorable James M. Stanton,
Judge of the 134th District Court of Dallas County, sitting by appointment of
the Governor of Texas pursuant to article V, section 11 of the Texas
Constitution.  See Tex. Const.
art. V, § 11.