**Affirmed and Memorandum Opinion filed October 31, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00699-CV

---

### RALPH O. DOUGLAS, Appellant

### V.

### HONORABLE BRADY G. ELLIOTT, Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 12-DCV-196294**

---

## M E M O R A N D U M   O P I N I O N

In twelve issues, appellant Ralph O. Douglas, appearing pro se, complains primarily of the trial court's dismissal of his lawsuit against appellant, the Honorable Brady G. Elliott.  We affirm.

### *Background*

Douglas filed a lawsuit against Judge Elliott, complaining of actions he took

as the trial judge in another lawsuit (the "Companion Case").[1] Douglas asserts that he filed a motion in the Companion Case to declare that Lori K. Redmond, a defendant in the Companion Case, committed fraud. Douglas complains that in the Companion Case, Judge Elliott improperly construed Redmond's response to Douglas's motion as a motion to determine Douglas a vexatious litigant and stayed the Companion Case to conduct a hearing to determine whether to grant the vexatious litigant motion. *See* Tex. Civ. Prac. & Rem. Code §§ 11.051-.053. Judge Elliott argued below that he is immune from actions taken in his official judicial capacity and filed a motion to dismiss on that basis. Douglas subsequently filed a motion to transfer venue. The trial court denied the motion to transfer venue, granted the motion to dismiss, and signed a judgment dismissing Douglas's claims with prejudice.

### *Discussion*

In his first two issues, Douglas complains of the trial court's dismissal of his case. Because Douglas's claims are barred by judicial immunity, we affirm the judgment of the trial court and do not reach Douglas's remaining issues.[2]

Judge Elliott's motion to dismiss in this case is the functional equivalent of a plea to the jurisdiction. *See Dahl ex rel. Dahl v. State*, 92 S.W.3d 856, 860 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. *Id*. In a plea to the

---

[1] Judge Elliott is the district court judge presiding over the 268th District Court of Fort Bend County, Texas.

[2] Douglas complains in four remaining issues of the trial court's denial of his motion to transfer venue, noncompliance with "a duty to take appropriate action on conduct of parties," and deliberate indifference to his access to courts. Douglas also asserts in three issues that Judge Elliott perpetrated fraud and conspired with Redmond, retaliated against Douglas, and was biased against Douglas. Douglas finally complains in three issues of his inability to obtain subpoenaed documents.

jurisdiction, a defendant contends that, even if all the allegations in a plaintiff's pleadings are true, there is an incurable jurisdictional defect preventing the court from hearing the case on the merits. *Id*. Although the underlying claims may form the context in which a party raises a plea to the jurisdiction, the court should decide the plea without delving into the merits of the case. *Id*. at 860-61. If, however, a party pleads facts that affirmatively demonstrate an absence of jurisdiction, such a defect is incurable, and immediate dismissal of the case is proper.[3] *Id*. at 861.

Judges acting in their official judicial capacity are immune from liability and suit for judicial acts performed within the scope of their jurisdiction. *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002)). This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority. *Id*. It is overcome only for actions that are nonjudicial, i.e., not taken in the judge's official capacity, or taken in the complete absence of all jurisdiction. *Id*. Whether an act is judicial for this purpose is determined by the nature of the act, i.e., whether it is a function normally performed by a judge, as contrasted with other administrative, legislative, or executive acts that simply happen to be done by judges. *Id*. at 504-05. Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts. *Id*. at 505.

In this lawsuit, Douglas brought a claim complaining about Judge Elliott's entry of an order construing a pleading filed in the Companion Case and staying that case to determine whether Douglas is a vexatious litigant. We conclude

---

[3] In certain circumstances not present in this case, a trial court must give a party the opportunity to amend its pleading to state a cause of action upon which to invoke the trial court's jurisdiction. *See Dahl*, 92 S.W.3d at 861. There is no evidence here that Douglas sought leave from the trial court to amend his pleadings, and Douglas does not challenge on appeal any failure to permit such an amendment.

3

Douglas is complaining of a judicial act—the entry of an order—within the jurisdiction of district court judges that is protected by judicial immunity. *See id.* Accordingly, the trial court did not err in granting the motion to dismiss.

We overrule Douglas's issues complaining of the trial court's dismissal of the underlying case. We need not reach the remaining issues Douglas raises on appeal. *See id.*

We affirm the judgment of the trial court.


/s/    Martha Hill Jamison
Justice


Panel consists of Justices Boyce, Jamison, and Busby.