

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00312-CV

David Allan **EDWARDS**,
Appellant

v.

**COUNTY OF ATASCOSA**, et al.,
Appellees

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-02-0185-CVA
Honorable Thomas Franklin Lee, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: July 23, 2014

AFFIRMED

Appellant David Allan Edwards appeals from a judgment dismissing Judge Stella Saxon from a "due course of law" complaint. Edwards filed suit on February 28, 2012, and timely served Judge Saxon. On April 17, 2013, the trial court entered an order dismissing, with prejudice, Edwards's claims against Judge Saxon for lack of subject matter jurisdiction. Edwards appeals the trial court's grant of the motion to dismiss. Because Edwards's pleadings set forth claims exclusively within Judge Saxon's judicial functions, Judge Saxon's judicial immunity deprived the trial court of subject-matter jurisdiction, and we affirm the trial court's judgment.

## STANDARD OF REVIEW

"In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *accord Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). In reviewing a trial court's grant of a plea to the jurisdiction, "we construe the pleadings in the plaintiff's favor and look to the pleader's intent." *Brown*, 80 S.W.3d at 555 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). When the trial court grants a motion to dismiss with prejudice, without stating the grounds for the dismissal, an appellate court "must affirm on the basis of any legal theory supported by the record." *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied) (citing *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)); *accord Comm'n for Lawyer Discipline v. Stern*, 355 S.W.3d 129, 134 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

## ARGUMENTS OF THE PARTIES

Edwards's petition alleged Judge Saxon's exclusion from evidence of an affidavit authored by Dr. Gerald Phillips and her subsequent findings of fact and conclusions of law violated his Due Process rights. On appeal, Edwards further contends Judge Saxon's failure to consider the same affidavit created a continuing harm scenario. He argues that because his allegations were not for monetary damages, but instead were filed under the Declaratory Judgment Act, Judge Saxon was not entitled to immunity.

Judge Saxon counters that these claims are not properly brought under the Declaratory Judgment Act; and, because Edwards is complaining of actions taken by Judge Saxon in disposing of a case pending in her court while acting in her "official and judicial capacities," she is entitled to judicial immunity and sovereign immunity.

### JUDICIAL IMMUNITY

Immunity from suit deprives a trial court of subject-matter jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *accord Reata Constr. Corp. v. City of Dall.*, 197 S.W.3d 371, 374 (Tex. 2006); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). "Judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction." *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Dall. Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (footnote omitted)). Because "judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . [it] is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Halsey*, 87 S.W.3d at 554; *Twilligear*, 148 S.W.3d at 504.

A party may only overcome an assertion of judicial immunity for acts performed within the scope of the judge's official capacity when the alleged actions are "(1) nonjudicial, i.e., not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction." *Twilligear*, 148 S.W.3d at 504 (citing *Mireles*, 502 U.S. at 11–12). Nonjudicial actions are those actions generally considered "administrative, legislative, or executive acts that simply happen to be done by judges." *Id*. at 504–05 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)). "Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Id*. at 505 (citing *Forrester*, 484 U.S. at 227).

## CONCLUSION

The acts about which Edwards complains are actions taken by Judge Saxon during a proceeding in her court. Edwards contends Judge Saxon failed to consider, and even suppressed the evidence in violation of his rights. His claims against Judge Saxon are directed exclusively to her judicial functions. We conclude these activities were part of the judicial phase of the petition filed by Edwards in Judge Saxon's court. Based on Edwards's pleadings, Judge Saxon's judicial immunity is absolute, and no recovery for Edwards is possible. Accordingly, the trial court did not err in granting Judge Saxon's motion to dismiss for lack of subject matter jurisdiction.

Because we conclude Judge Saxon is protected by judicial immunity, a complete bar to recovery, we need not address Edwards's additional contentions that the Declaratory Judgment Act applies in this matter or that the Attorney General's Office could not properly represent Judge Saxon. *See Dueitt*, 180 S.W.3d at 737.

Patricia O. Alvarez, Justice