**Affirm and Opinion Filed April 8, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

_____

### No. 05-21-00431-CV
_____

**BRADLEY B. MILLER, Appellant**
**V.**
**JUDGE ANDREA PLUMLEE, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-15614**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Myers, and Justice Molberg
Opinion by Justice Molberg

Bradley Miller appeals the trial court's order granting Judge Andrea

Plumlee's plea to the jurisdiction. Miller raises eleven issues in this appeal,

primarily arguing that Judge Plumlee did not have jurisdiction to enter an order after

Miller attempted to remove his case to federal court. Because we conclude Miller's

claims against Judge Plumlee are barred by judicial immunity, we affirm the trial

court's order dismissing Miller's suit.

### I. Background

This case arises out of Miller's dissatisfaction with his divorce proceeding and

a related child support enforcement action in the 330th District Court, over which

Judge Plumlee presides. On October 15, 2020, Miller filed the petition in this case, in which he made allegations against Judge Plumlee, his ex-wife and her lawyers, an associate judge of the 330th court, and several other defendants.

As pertinent here, Miller alleges Judge Plumlee violated varying statutes and constitutional provisions and committed several torts in the course of presiding over his divorce and child support proceedings. Miller asserts Judge Plumlee quashed all but one of his subpoenas for witnesses; entered a gag order and made "other restrictions on Miller's parental rights permanent"; entered a final order on November 17, 2016, after Miller "removed his case to federal court"[1] earlier that morning; issued a show cause order, a citation, held an enforcement hearing, and issued a capias warrant after "[n]o remand letter had been filed in the state court case subsequent to the remand of Miller's federal appeal" and without notice to Miller; denied Miller's "special appearance," which he filed in "an attempt to force the state court to recognize federal jurisdiction"; denied his request for a hearing on temporary orders entered by an associate judge; "held a rights hearing," after "jurisdiction had not been established," where Miller was found indigent and appointed an attorney; denied Miller's request for a "de novo hearing on" temporary orders issued by the associate judge; and "found Miller guilty of 'willful contempt'

---

[1] Miller attempted to remove his divorce proceeding to federal court on several occasions without success.

for nonpayment of child support," and imposed several conditions on Miller, including payment of $2,500 in child support, court costs, and attorney's fees.

Judge Plumlee filed a plea to the jurisdiction, arguing that Miller could not demonstrate the court's subject matter jurisdiction over his claims because Judge Plumlee "has judicial immunity and sovereign immunity from [Miller's] claims, and because [Miller] lacks standing to bring his claims." Regarding judicial immunity, Judge Plumlee argued she had immunity "for judicial acts like entering orders in a case that was filed in the 330th District Court." This is true, she argued, whether any specific order was entered in excess of her authority or even if it "were void." Thus, because Miller's claims were based on judicial acts of Judge Plumlee, and those acts were not taken in the complete absence of jurisdiction, judicial immunity bars Miller's claims. The trial court granted Judge Plumlee's plea to the jurisdiction and dismissed Miller's claims against her.

## II. Standard of review and applicable law

A plea to the jurisdiction is a dilatory plea seeking dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004), and we review de novo a trial court's ruling on a plea to the jurisdiction. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. In considering the pleadings, we construe them liberally in favor of the plaintiff, look to the pleader's intent, and determine if the pleader has alleged facts affirmatively demonstrating the court's jurisdiction. *City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex. 2010). "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). But "if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Id*.

Judicial immunity deprives a court of subject matter jurisdiction. *Dallas Cty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). It grants a judge acting in his or her official judicial capacity absolute immunity from liability for judicial acts performed within the scope of jurisdiction. *Id*. Judicial immunity applies unless the plaintiff can show: (1) the claim is based on some act not taken in the judge's judicial capacity or (2) the judge's actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 10–12 (1991). It is an immunity from suit, not just from the assessment of damages. *Mireles*, 502 U.S. at 11; *Miranda*, 133 S.W.3d at 224. Further, "[t]his immunity extends to actions that are done in error, maliciously,

–4–

and even in excess of the judge's authority." *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

In deciding whether an action is one taken in the judge's judicial capacity, we consider whether (1) the act complained of is one normally performed by a judge, (2) the act occurred in the courtroom or an adjunct such as the judge's chambers, (3) the controversy centered around a case pending before the judge, and (4) the act arose out of a visit to the judge in his judicial capacity. *Bradt v. West*, 892 S.W.2d 56, 67 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

When a court has "some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Adams v. McIlhany*, 764 F.2d 294, 298 (5th Cir. 1985). The inquiry is not "whether the judge's specific act was proper or improper, but on whether the judge had the jurisdiction necessary to perform an act of that kind in the case." *James v. Underwood*, 438 S.W.3d 704, 712 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Put differently, "the proper inquiry is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995).

## III. Analysis

Miller raises eleven issues in this appeal, but only five of them are properly raised in this appeal of the trial court's order granting Judge Plumlee's plea to the

jurisdiction.[2]  In these issues, Miller focuses on Judge Plumlee's November 17, 2016 order, which, Miller argues, was entered after he removed the case to federal court. In his remaining issues, Miller raises matters not properly before us, and we therefore reject them.[3]

We conclude Judge Plumlee's order, as well as the other actions described in Miller's petition, were actions taken in Judge Plumlee's judicial capacity.  The November 17, 2016 order granted Miller's ex-wife's requested modification to Miller's relationship with their daughter.  Judge Plumlee ordered that Miller be removed as managing conservator, and that his ex-wife be appointed sole managing conservator; Miller was appointed possessory conservator.  The order spelled out Miller and his ex-wife's rights and duties relating to their daughter.  The order further modified the possession order that was part of Miller and his ex-wife's final divorce decree.  Miller was permanently enjoined from taking certain actions regarding his

---

[2] The five issues pertinent to this appeal of the order granting Judge Plumlee's plea to the jurisdiction are the first ("whether state court jurisdiction halts during the pendency of a federal removal"); second ("whether any state court proceedings conducted during the pendency of a federal removal are void"); third ("whether Judge Plumlee acted without jurisdiction and thus has no judicial immunity from suit and damages"); fifth ("whether the 330th Family District Court has no 'continuing jurisdiction' over Plumlee's purported 'order' because it was fraudulent and not issued as part of any legitimate case"); and eleventh ("whether the trial court erred in its ruling granting appellee's plea to the jurisdiction").

[3] The remaining issues not properly before us include issues four ("whether res judicata and collateral estoppel do not apply because the issue of jurisdiction regarding Plumlee's purported 'order' of November 17, 2016 has never been adjudicated in any court"); six ("whether appellant has standing to bring suit in the trial court"); seven ("whether the trial court defendants' tortious acts fall within the statute of limitations"); eight ("whether Miller is suing under a criminal statute"); nine ("whether appellant's constitutional claims are valid"); and ten ("whether appellee's arguments regarding jurisdiction are intentionally misleading and therefore represent a fraud upon the court and a violation of the Fourteenth Amendment guarantee of due process").

daughter and ex-wife. Finally, Miller's ex-wife was awarded attorney's fees and costs against Miller.

Judge Plumlee's November 17, 2016 order was undoubtedly an action normally performed by a judge; it was entered in a case pending before the judge; and it was entered after a hearing conducted by the judge in her judicial capacity. Thus, we conclude Judge Plumlee's November 17, 2016 order was an action taken in the judge's judicial capacity. *See Bradt*, 892 S.W.2d at 67.

We further conclude the order was not entered in the complete absence of all jurisdiction. Miller argues that, because he removed the case to federal court, the trial court did not have jurisdiction to enter the order, which he argues was void. This argument misunderstands the meaning of jurisdiction in the judicial immunity context. The question here is not whether Judge Plumlee actually had jurisdiction to enter the order, but whether she had jurisdiction to perform an action of the kind she performed. *James*, 438 S.W.3d at 712; *Davis*, 70 F.3d at 373. As this Court put it in a related case, Miller's argument "conflates the meaning of jurisdiction for purposes of determining a court's authority to issue a valid judgment or order with the meaning of jurisdiction in the context of judicial immunity." *Miller v. Diaz*, No. 05-21-00658-CV, 2022 WL 109363, at *4 (Tex. App.—Dallas Jan. 12, 2022, no pet. h.) (mem. op.). Judge Plumlee, as Presiding Judge of the 330th District Court, had jurisdiction to enter an order modifying a parent-child relationship in a suit to do just that.

Additionally, we conclude the other actions described in Miller's petition were similarly taken in Judge Plumlee's judicial capacity and were not taken in the complete absence of jurisdiction. As described above, those actions include quashing subpoenas, entering various orders in the case, holding hearings, and denying requests for hearings. In other words, they were ordinary actions taken by a judge in a case in her court, which are also the sort of actions a district court judge has the power to take.

Miller has thus failed to show that (1) his claims are not based on acts taken in Judge Plumlee's judicial capacity and (2) the judge's actions were taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 10–12. Accordingly, we overrule Miller's first, second, third, fifth, and eleventh issues; we need not reach his remaining issues. *See* TEX. R. APP. P. 47.1. Because we conclude that dismissal based on judicial immunity was proper, we need not reach the issue of sovereign immunity, which was also raised by Judge Plumlee. *E.g.*, *James v. Underwood*, 438 S.W.3d 704, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

## IV.  Conclusion

Having overruled the appellate issues properly before us, we affirm the trial court's order.

210431f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRADLEY B. MILLER, Appellant

No. 05-21-00431-CV     V.

JUDGE ANDREA PLUMLEE, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-15614. Opinion delivered by Justice Molberg. Chief Justice Burns and Justice Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 8th day of April, 2022.