# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00097-CV

**Demetrius Crockett, Appellant**

**v.**

**Justice of the Peace, Precinct 5 - Judge Rick "Rico" Olivo, Appellee**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-009515, THE HONORABLE LAURIE EISERLOH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The trial court dismissed Demetrius Crockett's claims against Justice of the Peace, Precinct 5—Judge Rick "Rico" Olivo. The court granted Olivo's plea to the jurisdiction and motion based on provisions allowing dismissal of frivolous or malicious claims filed by parties who filed an affidavit of inability to pay. *See* Tex. Civ. Prac. & Rem. Code § 13.001. Crockett reasserts and expands his claims that Olivo violated statutes and his constitutional rights. We hold that the district court correctly concluded that Crockett's claims are barred by judicial immunity and affirm the dismissal of this cause.

## BACKGROUND

Crockett alleged that Olivo, acting under color of state law as justice of the peace, "unlawfully and unconstitutionally deprived [Crockett] of his constitutional rights by convicting him of a crime that was never committed." Crockett alleged that this directly and severely impacted his financial well-being and ability to operate his self-owned business.

Crockett appears to refer to the justice court's adjudication of his guilt for failure to maintain financial responsibility—specifically, to have proof of liability insurance. Crockett had obtained deferred adjudication of that offense. As a term of his deferred adjudication, he was ordered to show proof of insurance until October 23, 2023. He showed proof of insurance through September 15, 2023, but did not submit proof for the remainder of the period. JP court staff did not review Crockett's proof until July 16, 2024. The JP court mailed a show-cause notice to Crockett to appear by video conference on August 8, 2024. He did not appear and was adjudicated guilty in Cause No. J5-CR-23-001425 for failure to maintain financial responsibility. Crockett later communicated with the JP court through email and supplied proof of his insurance through the relevant period. But the conviction remained in place.

Crockett sought and obtained a writ of habeas corpus from the district court vacating his conviction. The State agreed to that relief. Crockett claims this order found Olivo "guilty beyond the shadow of a doubt of violating [his] constitutional rights." Olivo vacated the conviction but left the case pending and ordered Crockett to provide proof of an additional week of insurance coverage.

Crockett filed this lawsuit claiming (1) abuse of official capacity, *see* Tex. Penal Code § 39.02; (2) official oppression, *see id.* § 39.03; (3) contempt of court for failing to follow orders from the district court; (4) federal civil rights violations including deprivations of procedural and substantive due process, *see* 42 U.S.C. § 1983; (5) state civil rights violations, *see* Tex. Const. art. 1, §§ 13, 19; (6) judicial misconduct; (7) criminal negligence; (8) deprivation of due process by "[f]ailing to act on a lawful Order"; (9) cruel and unusual punishment; and (10) defamation. Crockett also complained that Olivo had failed "to correct the Plaintiff's DMV record and reinstate his Texas driver's license." He sought compensatory damages from the

2

impingement on his ability to work, punitive damages, and injunctive relief to require Olivo to cease unlawful actions against other innocent citizens.

Olivo filed a plea to the jurisdiction based on sovereign and judicial immunity from suit and liability. He also sought to dismiss the case as frivolous. *See* Tex. Civ. Prac. & Rem. Code § 13.001. The trial court granted the motion on both grounds.

## DISCUSSION

On appeal, Crockett contends that the trial court (1) erred by dismissing his case despite valid claims under federal law and the state constitution, (2) urges that Olivo violated his constitutional rights and caused him serious harm, (3) asserts that Olivo is in contempt of court for ignoring the court's order to rectify the wrongful conviction and adhere to expunction orders following a March 28, 2025 expunction order, and (4) contends that multiple instances of judicial misconduct obstructed and prolonged justice and worsened his financial hardships and emotional distress.

We review de novo the trial court's ruling on a plea to the jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). A plaintiff must allege facts that affirmatively establish the trial court's subject-matter jurisdiction. *Id.*; *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and deny the plea if the plaintiff has alleged facts that affirmatively demonstrate jurisdiction. *Miranda*, 133 S.W.3d at 226-27; *Smith v. Galveston County*, 326 S.W.3d 695, 698 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A party may plead himself out of court, however, when he

3

pleads facts that affirmatively negate his cause of action. *Texas Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974); *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We review the actions of the trial court based upon the materials before it at the time it acted. *Shahin v. Memorial Hermann Health Sys.*, 527 S.W.3d 484, 487 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

Judges acting in their official judicial capacity are immune from liability and suit for judicial acts performed within the scope of their jurisdiction. *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority. *Id*. (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Bradt v. West,* 892 S.W.2d 56, 67 (Tex. App.—Houston [1st Dist.] 1994, writ denied). It is overcome only for actions that are nonjudicial, i.e., not taken in the judge's official capacity, or taken in the complete absence of all jurisdiction. *Twilligear*, 148 S.W.3d at 504. Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts. *Id*. at 505.

We consider the following factors in determining whether a judge's acts are judicial: (1) whether the act complained of is one normally performed by a judge; (2) whether the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers; (3) whether the controversy centered around a case pending before the judge; and (4) whether the act arose out of a visit to the judge in his judicial capacity. *Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App.—El Paso 2000, pet. denied). These factors are broadly construed in favor of

4

immunity. *Id.* Immunity may exist even if three of the four factors are not met. *Id.* The factors need not be given equal weight in all cases; rather, they should be weighed according to the facts of the particular case. *Id.*

Reading the pleadings most liberally and favorably to Crockett, he did not plead actions for which Olivo can be sued. Crockett complains about Olivo "acting under color of state law as justice of the peace" and convicting him, then failing to "fix[] his records in totality." Crockett complains of the adjudication of guilt, the order vacating the adjudication, and failures to take judicial actions Crockett asserts were required; he also complains of the financial and other consequences of these actions and inactions. The acts by Olivo of which Crockett complains are acts normally performed by a judge and center around a case pending before the judge. They are judicial acts or omissions, and Olivo is protected by judicial immunity from suit or liability for them. *See Twilligear*, 148 S.W.3d at 504; *Hawkins*, 25 S.W.3d at 890.

The alleged failure to correct records in the Department of Motor Vehicles and reinstatement of his license are not within the scope of this appeal. This appeal challenges the district court's dismissal order, signed February 5, 2025. The expunction order that Crockett complains Olivo has not followed was, according to Crockett, issued March 28, 2025—after this case was dismissed in the trial court and this appeal was filed. As the expunction order was not before the trial court in February 2025, it is not a basis for the trial court's decision, is not part of the clerk's record, and is not part of our review of that decision. *See Shahin*, 527 S.W.3d at 487. We note further that the expunction order Crockett attached to his filing here is addressed to various federal, state, and local agencies and courts, not to Olivo. We also note that Olivo left office as of the end of 2024 and, therefore, had and has no power to perform official duties such

5

as correcting records, so he could not have acted on a March 2025 order and did not err by failing to do so.

Crockett's complaint about judicial misconduct obstructing and delaying the fair administration of justice does not appear to relate to the order granting the plea to the jurisdiction, but to unspecified other acts. One specific act he cites is waiting since March 19, 2025, for this Court to vacate an order in a different appeal. That appeal has been dismissed. *See Crockett v. Eiserloh*, No. 03-25-00207-CV, 2025 WL 2231774 (Tex. App.—Austin Aug. 6, 2025, no pet. h.) (mem. op.).

Because we conclude that the trial court did not err by granting the plea to the jurisdiction and dismissing this cause, we need not review its alternative grounds for dismissal under Texas Civil Practice and Remedies Code Chapter 13. *See* Tex. R. App. P. 47.1 (courts shall write opinions that are "as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## CONCLUSION

Finding no reversible error presented, we affirm the trial court's order dismissing this cause.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   August 27, 2025

6