Craig **LEWIS** and **Fisher, Gallagher, Perrin & Lewis, Petitioners,**

v.

Gary **BLAKE, Respondent.**

No. 94–0097.

Supreme Court of Texas.

May 11, 1994.

Rehearing Overruled June 15, 1994.

Dean Gerald Treece, Charles B. Holm, Charles L. Cotton, Houston, for petitioners.

James A. Gieseke, Houston, for respondent.

## PER CURIAM.

This case presents two questions of summary judgment procedure. First: when a motion for summary judgment is served by mail, does Tex.R.Civ.P. 21a[1] add three days to the 21–day notice period of the hearing prescribed by Rule 166a(c)? Second: does Rule 4 govern the computation of the notice period prescribed by Rule 166a(c)? We answer both questions "yes".

Gary Blake sued his lawyer, Craig Lewis, and the law firm of Fisher Gallagher Perrin & Lewis. Defendants moved for summary judgment, mailing their motion to Blake on June 21, 1991. Hearing was set for July 15. Blake moved for a continuance asserting, in part, that defendants had failed to give the requisite notice. The trial court denied Blake's motion and granted summary judgment for defendants.

Blake's argument regarding notice is this. Rule 166a(c) states in part: "Except on leave of court, with notice to opposing counsel, the motion [for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." Rule 21a states in part: "Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail or by telephonic document transfer, three days shall be added to the prescribed period." The effect of Rule 21a is to require that a summary judgment motion served by mail be served at least 24 days before the hearing. The phrase "at least" in Rule 166a(c) means that no fewer than 24 days must intervene between the day the motion is mailed and the day of hearing;

in other words, the hearing cannot be held before the 25th day after the day the motion is mailed. That day in this case was July 16. Thus, Blake concludes, it was error for the trial court to deny the motion for continuance. The court of appeals agreed with this argument, reversed the summary judgment, and remanded the case for further proceedings. 866 S.W.2d 687.

■ Defendants argue that Rule 21a applies only when "a party has the right or is required to do some act within a prescribed period". The only such act for a respondent to a summary judgment motion, defendants contend, is to file a response. Defendants argue that the effect of Rule 21a is to allow a party to respond to a summary judgment motion served by mail on the fourth day before the hearing, rather than the seventh as required by Rule 166a(c). We disagree. Respondent's right under Rule 166a(c) is to have minimum notice of the hearing. Rule 21a extends that minimum notice by three days when the motion is served by mail. Three courts of appeals have reached the contrary conclusion (including another panel of the court of appeals which decided this case). *Cronen v. City of Pasadena*, 835 S.W.2d 206, 208–209 (Tex.App.—Houston [1st Dist.] 1992, no writ); *De Los Santos v. Southwest Texas Methodist Hosp.*, 802 S.W.2d 749, 754 (Tex.App.—San Antonio 1990, no writ); *Lynch v. Bank of Dallas*, 746 S.W.2d 24, 25 (Tex.App.—Dallas 1988, writ denied). We disapprove these cases.

■ Defendants argue, in the alternative, that Rule 4 allows a summary judgment motion to be heard on the 21st day after it is served, or the 24th day if it is served by mail. We agree. Rule 4 states in part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until

[1] All references to rules are to the Texas Rules of Civil Procedure.

the end of the next day which is not a Saturday, Sunday or legal holiday.

Rule 4 could not be plainer: it applies to *any* period of time prescribed by the rules of procedure, and Rule 166a is one of those rules. Applying Rule 4 to Rule 166a(c), the day of service is not to be included in computing the minimum 21–day notice for hearing, and the day of hearing is. Thus, hearing on a motion for summary judgment may be set as early as the 21st day after the motion is served, or the 24th day if the motion is served by mail. One court of appeals has correctly reached this same conclusion. *Hammonds v. Thomas,* 770 S.W.2d 1, 3 (Tex. App.—Texarkana 1989, no writ). Five cases reach the same conclusion as the court of appeals in this case. *Cronen,* 835 S.W.2d at 208; *De Los Santos,* 802 S.W.2d at 754; *Lynch,* 746 S.W.2d at 25; *Williams v. City of Angleton,* 724 S.W.2d 414, 417 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Gulf Ref. Co. v. A.F.G. Management 34 Ltd.,* 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). We disapprove these latter cases.

The hearing on defendants' summary judgment motion in this case was held on the 24th day after it was served, as permitted by the rules, and the court of appeals erred in reaching the contrary conclusion. Blake has raised other complaints which the court of appeals did not address. Accordingly, a majority of the Court, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of Blake's other points of error. TEX.R.APP.P. 170.