OPINION
ANDELL, Justice.
Joanne Chadderdon appeals rendition of summary judgment for appellee, Harold G. Blaschke. Because notice of the hearing on the motion was improper, we reverse.
Facts
Chadderdon sued Blaschke, her former neighbor, for damages allegedly sustained as a result of common law and statutory fraud involving the sale of real estate. Blaschke filed a motion for summary judgment based on the affirmative defense of the statute of frauds, and mailed it to Chadderdon on September 19, 1996. The motion did not state the date it would be heard. A hearing on the motion was later set for November 11, 1996. Blaschke mailed Chadderdon notice of the hearing on October 21, 1996, 21 days before it was set. In her response to the motion for summary judgment, Chadderdon contended notice of the hearing on the motion for summary judgment was untimely, arguing she was entitled to 24-days notice, not 21, because the notice was mailed to her. We presume Chadderdon had less than 21-days notice because she would not have received the notice of submission the same day it was mailed. The trial court overruled Chadder-don’s objection, heard the summary judgment motion as scheduled on November 11, 1996, and granted it. On appeal, Chadder-don challenges the rendition of summary judgment on the basis of inadequate notice.
Notice
In point of error one, Chadderdon complains the court erred by rendering sum *388 mary judgment because Blaschke, by mailing the notice of submission 21 days before the hearing on the motion for summary judgment, did not comply with Rules of Civil Procedure 4 and 166a(c). Rule 166a(c) requires that the motion and any supporting affidavits be filed and served at least 21 days before the time specified for hearing. Tex.R. Crv. P. 166a(c) If the motion is mailed, a party is allowed an additional three days and the hearing may not be held before 24 days have elapsed. Lewis v. Blake, 876 S.W.2d 314, 315 (Tex.1994). Customarily, parties serve the motion, and notice of the hearing on the motion, at the same time. Here, the motion was served by mail 53 days before the hearing, but notice of the hearing was mailed 21 days before it occurred. Although Rule 166a(c) states no explicit requirement for when a movant must provide notice of the hearing or submission, the Texas Supreme Court held in Lewis that a party’s right under Rule 166a(c) is to have minimum notice of the hearing, and pointed out that Rule 21a extends the 21-day minimum notice by three days when the motion is served by mail. Id. at 316 (emphasis added).
Chadderdon supports her argument with Gulf Refining Company v. A.F.G. Management 34 Limited, 605 S.W.2d 346, 349 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.), overruled on other grounds by Lewis, 876 S.W.2d at 315. In Gulf Refining, the defendants contended that so long as the motion was served 21 days before the hearing, the requirements of Rule 166a(c) were satisfied, and the plaintiff was only entitled to three days notice. Id. The court rejected this argument because such a construction would render meaningless the provision that an adverse party may serve an opposing response and affidavits no later than seven days before the day of the hearing. Id. Thus, the court concluded that Rule 166a required notice of the hearing at least 21 days before the day on which it occurs.
The provisions of Rule 166a, including its notice requirements, are strictly construed because summary judgment is a harsh remedy. In particular’, the notice provisions of the rule are intended to prevent the rendition of a judgment without the opposing party having a full opportunity to respond on the merits. Williams v. City of Angleton, 724 S.W.2d 414, 417 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), overruled on other grounds by Lewis, 876 S.W.2d at 315. Accordingly, we hold that because notice was mailed to her, Chadderdon was entitled to 24-days notice of the hearing regardless of how far in advance of the hearing she received the motion itself.
We sustain point of error one. Given our disposition of this point of error, we do not address the remaining points of error challenging application of the statute of frauds.
We reverse the judgment and remand the cause to the trial court.