MEMORANDUM OPINION


No. 04-05-00323-CV

William H. EMERSON,
Appellant

v.

CHASE MANHATTAN MORTGAGE CORPORATION,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 300837
Honorable Irene Rios, Judge Presiding
 
Opinion by:    Catherine Stone, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   December 21, 2005

AFFIRMED
Factual Background
            This appeal arises from a forcible detainer action. On January 4, 2005, Chase Manhattan
Mortgage Corporation (Chase) purchased real property the subject of this suit at a non-judicial
foreclosure sale and received a trustee’s deed. William Emerson refused to surrender the property,
which he occupied as his residence, thus Chase filed a forcible detainer action in a justice court and
was awarded a favorable judgment. Emerson appealed the judgment to county court, and
subsequently the court granted a summary judgment in favor of Chase. Chase’s original petition also
sought an award of attorney’s fees; however, the summary judgment order did not mention attorney’s
fees. Emerson now appeals the summary judgment order.



Issues on Appeal
            In issue one, Emerson claims that the trial court erred in granting summary judgment to
Chase because he did not receive the twenty-four days notice required by Texas Civil Procedure Rule
166a, and because Emerson’s response to Chase’s Motion for Summary Judgment pointed out
defects in Chase’s motion which were never cured. Further, Emerson notes that Chase’s original
petition prayed for an award of attorney’s fees which were not granted in the summary judgment
award. Therefore, Emerson alleges the summary judgment order was partial, not final and
appealable, and should be remanded.
            In issue two, Emerson contends that the trial court erred in setting an amount for the
supersedeas bond without conducting an evidentiary hearing, which he contends is required by Texas
Property Code Section 24.007.
Standard of Review
            When reviewing a traditional summary judgment, an appellate court uses the following
standards:
1. The movant for summary judgment has the burden of showing that
there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law.
 
2. In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant
will be taken as true.
3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.
 
Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

Notice

            The summary judgment “motion and any supporting affidavits shall be filed and served at
least twenty-one days before the time specified for hearing.” Tex. R. Civ. P. 166a(c). In Lewis v.
Blake, the court concluded that Rule 21 allows three additional days for service when done by mail. 
876 S.W.2d 314, 315-16 (Tex. 1994); see also Tex. R. Civ. P. 21 (stating three additional days of
service shall be added for service of any notice falling under Rule 21).  
            It is undisputed that Chase filed and sent, via certified mail, the motion for summary
judgment on March 28, 2005, with the hearing set for April 21, 2005. When computing the
allowable time for service, the actual day of service is not counted, but the day of the hearing is
included in the computation. Lewis, 876 S.W.2d at 316. Accordingly, when a motion for summary
judgment is served by mail, the motion may be set as early as the twenty-fourth day after service. 
Id.
            Here the motion was sent on March 28, and Emerson computes the timetable from the day
of service and the day of hearing. However, Emerson states the day of service is the day he actually
received the motion on March 29. Thus, when Emerson calculates from March 29, the timetable
begins March 30 and continues until April 21, which allots only twenty-three days for notice. 
Emerson’s calculations are incorrect. 
            Service by mail is complete “upon deposit of the paper, enclosed in a postpaid, properly
addressed wrapper, in a post office....” Tex. R. Civ. P. 21a. Applying the law to the facts, the day
of service was March 28, the day Chase deposited the motion with the post office. Excluding the
first day of service (March 28), exactly twenty-four days elapsed when counting from March 29 to
April 21. Emerson’s notice complaint is overruled.
Defects in the Motion
            In issue one Emerson alleges the trial court erred in granting summary judgment because
“Emerson’s response to the motion in the trial court...was sufficient to defeat summary judgment
because it pointed out defects, never cured, in the motion.” This is the only statement regarding this
issue in Emerson’s brief. The brief lacks any supporting authority or citation.
            Emerson’s “brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.” Tex. R. App. P. 38.1(h). Because Emerson’s
brief fails to meet this requirement, this issue is overruled.
Partial or Final Summary Judgment
            Emerson claims the summary judgment order is partial, not complete; thus, it is not “final
and appealable” and must be remanded. Specifically, Emerson argues that Chase’s original pleading
sought an award for attorney’s fees, but because the summary judgment order did not mention
attorney’s fees, it is not final. Chase claims the order is final because 1) Chase stipulates to its
finality, 2) Chase drafted the order, 3) the order is entitled “Final Summary Judgment,” and 4) the
order concludes, “This is a final judgment and is appealable.”
            A judgment must be final in order to be appealed. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). In order to be final, a judgment must dispose of all parties and all issues in
a lawsuit. Id. at 192. On the contrary, a judgment that does not dispose of all parties and issues is
not final but interlocutory. Id. at 191. In the absence of a special statute or judicial exception, an
interlocutory order is not appealable. N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990). 
            In McNally v. Guevara, plaintiff sued for a declaration that his easement be used not only for
access, but also for parking. 52 S.W.3d 195, 195 (Tex. 2001). The defendants counterclaimed
requesting the opposite declaration and also requesting an award of attorney’s fees. Id. Defendants
filed a motion for summary judgment which addressed only the easement issue, but did not mention
attorney’s fees. Id. The trial court granted the summary judgment and also did not refer to the
attorney’s fees claim. Id. at 196. On plaintiff’s appeal, plaintiff argued that the judgment was not
final because it did not dispose of the attorney’s fees issue. Id. Defendants argued they had
abandoned their attorney’s fees claim by failing to include the claim in their summary judgment
motion. Id. The court concluded that the omission of the attorney’s fees claim did not waive the
issue, therefore, it was not appealable. Id. 
            McNally is distinguishable from the present case. In McNally, the trial court granted the
summary judgment motion, captioned “Judgment,” which recited that the defendants’ motion
“should be in all things granted.” On appeal, the Texas Supreme Court stated that “[n]othing in the
trial court’s judgment, other than its award of costs to the defendants, suggests that it intended to
deny the defendants’ claim for attorney fees. The award of costs, by itself, does not make the
judgment final.” Id.
            As the supreme court has further explained:
An order does not dispose of all claims and all parties merely because
it is entitled “final”, or because the word “final” appears elsewhere in
the order, or even because it awards costs. Nor does an order
completely dispose of a case merely because it states that it is
appealable, since even interlocutory orders may sometimes be
appealable. Rather, there must be some other clear indication that the
trial court intended the order to completely dispose of the entire case.
...
A statement like, “This judgment finally disposes of all parties and all
claims and is appealable”, would leave no doubt about the court’s
intention.
 
Lehmann, 39 S.W.3d at 206.
            The judgment here does not merely state one of the above facts mentioned by the Lehmann
court; but rather, the judgment recites all of these facts. Specifically, the order is entitled “Final
Summary Judgment,” awards costs, and includes a final concluding statement, “This is a final
judgment and is appealable.” Additionally, the order recites, “After considering the pleadings, the
Motion, and the arguments of counsel, the Court finds that the Motion should be granted.”
(Emphasis added). The combination of these facts leaves no doubt as to the court’s intention that
this judgment is final and appealable; therefore, Emerson’s first issue is overruled.Supersedeas Bond
            In issue two, Emerson claims the court erred in setting the supersedeas bond at $2,500 based
on no evidence because there was no witness testimony or evidentiary documents of any kind. 
Specifically, Emerson asserts Property Code Section 24.007 requires a hearing to set supersedeas
bond. Section 24.007 reads:A final judgment of a county court in an eviction suit may not be
appealed on the issue of possession unless the premises in question
are being used for residential purposes only. A judgment of a county
court may not under any circumstances be stayed pending appeal
unless, within 10 days of the signing of the judgment, the appellant
files a supersedeas bond in an amount set by the county court. In
setting the supersedeas bond the county court shall provide protection
for the appellee to the same extent as in any other appeal, taking into
consideration the value of rents likely to accrue during appeal,
damages which may occur as a result of the stay during appeal, and
other damages or amounts as the court may deem appropriate.
 
Tex. Prop. Code Ann. § 24.007.
            We need not decide whether the trial court erred in failing to conduct an evidentiary hearing
before setting supersedeas bond because this court will not reverse the trial court’s judgment on
appeal unless we conclude the error complained of probably caused the rendition of an improper
judgment, or probably prevented appellant from properly presenting his case to this court. See Tex.
R. App. P. 44.1(a). Emerson fails to explain how he was harmed. See Tex. Constr. Co. of Austin v.
Allen, 635 S.W.2d 810, 815 (Tex. App.–Corpus Christi 1982, writ ref’d n.r.e.) (concluding that
appellant failed to demonstrate how the error probably resulted in an improper verdict); Nabelek v.
State, No. 14-03-00965-CV, 2005 WL 2148999, at *5 (Tex. App.–Houston[14th Dist.] Sept. 8, 2005,
no pet. h.) (explaining that Nabelek’s failure to explain how the absence of a record of the hearing
caused rendition of an improper judgment or prevented him from properly presenting his case on
appeal). Emerson’s issue two is overruled.Conclusion
            The trial court’s judgment is final and appealable, adequate notice was provided before the
summary judgment hearing, and Emerson fails to allege any harm resulted in the trial court’s failure
to hold an evidentiary hearing before setting the supersedeas bond. Accordingly, we affirm the trial
court’s judgment.
            

 
Catherine Stone, Justice