**Affirmed and Memorandum Opinion filed May 14, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00931-CV

---

### ALBERT MORRIS AND TILDA MORRIS, Appellants

### V.

### SAND CANYON CORP. f/k/a OPTION ONE MORTGAGE CORPORATION, AMERICAN HOME MORTGAGE SERVICING, INC. n/k/a HOMEWARD RESIDENTIAL, INC., and WELLS FARGO BANK, N.A., Appellees

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCV-197669**

---

## M E M O R A N D U M   O P I N I O N

Appellants, Albert and Tilda Morris, ("the Morrises") appeal the trial court's order granting summary judgment on their petition for bill of review in favor of appellees, Sand Canyon Corp. f/k/a Option One Mortgage Corporation, American Home Mortgage Servicing, Inc., and Wells Fargo Bank, N.A. In two issues, the Morrises contend the trial court erred because (1) the Morrises did not receive

notice of the motion or hearing; and (2) a necessary and indispensable party was not joined in the underlying action, thereby preventing full and fair litigation of the issues. We affirm.

## I. BACKGROUND

In 2005, the Morrises defaulted on their home equity loan. Wells Fargo Bank, N.A. and Option One Mortgage Corporation filed an application for foreclosure. In May 2008, the trial court signed a summary judgment order in favor of "Wells Fargo Bank, N.A. as trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-OP1 asset Backed Pass through Securities, its successors and assigns, assignor from Option One Mortgage Corporation." The order was final and appealable. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). The Morrises did not appeal from this final judgment.

In 2009, as the servicing agent for Wells Fargo, American Home foreclosed the lien and purchased the property at the foreclosure sale. The property was conveyed to Wells Fargo through a substitute trustee's deed. Our sister court has determined that American Home was, in fact, the servicing agent for Wells Fargo, American Home was the party which foreclosed on the property and was the winning bidder at the foreclosure sale. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34–35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (concluding American Home demonstrated it was Wells Fargo's servicing agent, Wells Fargo was the successor in interest to Option One, American Home purchased the property at the foreclosure sale and was entitled to possession, and the Morrises had the opportunity to controvert American Home's right to possession and failed to do so).[1]

---

[1] *Morris v. American Home Mortgage Servicing, Inc.* was the Morrises' appeal of American Home's forcible detainer action against them. The court affirmed American Home's

In 2012, the Morrises filed a Petition for Bill of Review seeking to set aside the May 2008 final judgment. American Home and Wells Fargo filed a combined no-evidence and traditional motion for summary judgment asking the trial court to deny the Morrises' bill of review. The Morrises did not respond to the motion. Rather, they filed a motion to stay and an "Emergency Motion to Abate and/or Continue Defendant(s) Motion for Summary Judgment," claiming American Home and Wells Fargo had not served them with notice of hearing on the motion for summary judgment.

The trial court denied the Morrises' motion to abate and granted American Home's and Wells Fargo's motion for summary judgment, stating, "there is no genuine issue of material fact in favor of [the Morrises'] Bill of Review . . . [and the Morrises do] not have a meritorious defense . . . even if they had a meritorious defense, the failure to assert such a defense was at least partially caused by Albert Morris' own negligence."

The Morrises moved to set aside the judgment and reinstate the case, and they filed a motion for new trial. The motion for new trial was overruled by operation of law. The Morrises appeal the order granting summary judgment in favor of American Home and Wells Fargo on the Morrises' request for bill-of-review relief.

## II. ANALYSIS

### A. Did the Morrises receive notice of the motion and hearing?

In their first issue, the Morrises contend the trial court erred in granting summary judgment because they did not receive notice of the motion or hearing.

---

possession, holding *inter alia* that the Morrises were not deprived of their right to a fair hearing under the Fourteenth Amendment to the United States Constitution. *Morris*, 360 S.W.3d at 36.

3

The question before us is whether this record establishes that the Morrises received notice of the summary judgment motion and hearing as required under the Texas Rules of Civil Procedure. *See Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (per curiam). In order to be entitled to summary judgment, the movant must comply with all requirements relating to summary judgment. *See Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, no pet.). We review *de novo* the trial court's grant of summary judgment. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 661 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

The Morrises assert they were not served with notice of the filing of the motion and they did not receive notice of hearing. Albert Morris claims he was hospitalized and only learned of the motion "through the grapevine." Upon learning of the motion, as noted above, the Morrises did not file a response to the motion for summary judgment. Instead, they filed an emergency motion stating that, *inter alia*, they did not receive adequate notice and that a medical condition prevented Albert Morris's attendance at the hearing. Attached to the motion was a "Work/School Release" dated July 8, 2013, stating that Albert Morris has been under the care of The Trauma and General Surgery Service from June 14, 2013 to present and the date of his return to work is unknown. The emergency motion did not explain how the Morrises learned that American Home and Wells Fargo filed their motion for summary judgment.

Texas Rule of Civil Procedure 166a(c) requires that a motion for summary judgment be served on the nonmovant at least 21 days before the time specified for the hearing. *See* Tex. R. Civ. P. 166a(c). Texas Rule of Civil Procedure 21a provides: "Every notice required by these rules . . . may be served by delivering a

4

copy to the party to be served . . . .   Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, property addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. . . . A certificate by a party or an attorney of record . . . shall be prima facie evidence of the fact of service." *See id*.  Texas Rule of Civil Procedure 4 extends time periods by three days, for purposes of Rules 21 and 21a, when service is made by registered or certified mail.  *See* Tex. R. Civ. P. 4.  Notice sent pursuant to Rule 21a raises a presumption that the item was received.  *Id*.; *see also Mathis v. Lockwood*, 166 S.W.3d 743 (Tex. 2005).  "The effect of Rule 21a is to require that a summary judgment motion served by mail be served at least 24 days before the hearing." *Lewis*, 876 S.W.2d at 315; *see also* Tex. R. Civ. P. 4.

The certificate of service in the motion for summary judgment is dated June 24, 2013.  The certificate of service in the separate notice of hearing is dated June 25, 2013.  The notice of hearing identified July 22, 2013 as the date on which the summary judgment would be heard, and in fact the summary judgment hearing occurred on the noticed day.  The certificates of service reflect that Rules 21a and 166a(c) were satisfied because the filings at issue were sent to the Morrises at least twenty-four days before the July 22 hearing via first class, certified mail return receipt requested.  *See* Tex. R. Civ. P. 4, 21a, 166a(c): *Lewis*, 876 S.W.2d at 315–16; *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

The address used was the address Albert Morris used on all pleadings, as counsel for the Morrises.  There is evidence that American Home and Wells Fargo sent a letter to the Morrises enclosing the motion, stating the motion was electronically filed, and also providing the Morrises with the notice of hearing.

American Home and Wells Fargo also copied the trial court on the notice of hearing they sent to the Morrises.

In the trial court, the Morrises did not dispute that they received notice that the motion had been filed and they did not dispute their receipt of the notice of hearing. They offered no evidence to rebut the presumption of notice based on the certificates of service. *See Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987) (holding an offer of proof of nonreceipt rebuts presumption of notice). Rather, the Morrises offered only the "Work/School Release" stating Albert Morris was under the care of a physician. The Morrises presented no evidence to the trial court demonstrating that, during the time of Albert Morris's care, neither Albert nor Tilda Morris received notice. There was no "offer of proof of nonreceipt." *Id.* The only evidence before the trial court was the Morrises' assertion that they "heard [about the summary judgment] through the grapevine." We hold that the trial court's order granting summary judgment was not erroneous due to lack of notice because the Morrises failed on this record to overcome the presumption that they received notice as required under the rules.

The Morrises also suggest in their briefing that the trial court's order granting summary judgment and denial of their motion for new trial must be analyzed under the standard governing default judgments set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). We disagree because this is not a default judgment situation. *Craddock*'s equitable standards for default judgments do not apply to a motion for new trial filed after summary judgment is granted on a motion for which the nonmovant had notice and an opportunity for hearing and to which the nonmovant did not respond timely. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–84 (Tex. 2002).

Insofar as the Morrises contend that the trial court should have granted a continuance or abatement of the summary judgment hearing, we conclude that the trial court acted within its discretion in declining to do so on this record. *See Schneider Nat'l Carriers, Inc. v. Bates,* 147 S.W.3d 264, 292, n. 142 (Tex. 2004); *Hatteberg v.* Hatteberg, 933 S.W.3d 52, 527 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

We overrule the Morrises' first issue.

## B.    Indispensable party

The exact nature of the arguments raised in connection with the Morrises' second issue is not entirely clear from their brief. We construe these arguments to challenge the propriety of granting a no-evidence summary judgment on the merits.

The movants contended in the trial court that their motion for summary judgment was warranted on the Morrises' bill of review because there was no evidence that (1) the Morrises had a meritorious defense to the underlying foreclosure action; (2) justification existed for their failure to assert a meritorious defense based upon fraud, accident, wrongful act of the opposing party, or official mistake; and (3) their own fault or negligence did not contribute to the failure to assert a meritorious defense. *See generally Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (setting forth elements which bill of review plaintiff must plead and prove). The no-evidence motion satisfied Rule 166a(i). *See* Tex. R. Civ. P. 166a(i) (requiring no-evidence motion for summary judgment to state elements as to which there is no evidence). The Morrises filed no response to the no-evidence motion for summary judgment in the trial court. The trial court's order granting summary judgment specifically recites that the Morrises failed to produce any

7

summary judgment evidence on the elements of their bill of review that were challenged by the no-evidence motion.

On appeal, the Morrises contend that the absence of a purported "necessary and indispensable party" invalidated the underlying foreclosure action; they further contend that this party's absence amounted to "extrinsic fraud" that "prevented full and fair litigation" of the underlying foreclosure action so as to justify a bill of review.

We construe this as an argument that evidence exists to defeat a no-evidence motion for summary judgment by raising a fact issue on the first and second requirements for obtaining relief by way of a bill of review. We reject this argument because the Morrises did not file a response to the no-evidence motion for summary judgment in the trial court. In the absence of a response, the trial court properly granted the motion. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."); *see also Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Rule 166a(i).").

The Morrises also assert additional appellate arguments under the Texas Constitution and Texas Rules of Civil Procedure, which were not raised in the trial court. *See* Tex. Const. art. XVI § 50(a)(6); Tex. R. Civ. P. 735-36. Thus, the Morrises waived review of these issues. *See* Tex. R. App. P. 166a(i). Additionally, in attempting to present argument on this issue, the Morrises refer to matters outside the appellate record. Those matters have not been preserved for appellate review. *See* Tex. R. App. P. 34.5(a)(1); *Republic Underwriters, Inc. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004).

We overrule appellants' second issue.

We affirm the trial court's order granting summary judgment and denying bill-of-review relief.


/s/    John Donovan
        Justice


Panel consists of Justices Boyce, Jamison and Donovan.