# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00503-CV

**Kent Kohler, Appellant**

**v.**

**Claudia Chiquillo, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 13-0839-C, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This cause originated as a small-claims-court lawsuit brought pro se by Kent Kohler, appellant here, to recover a $1,950 security deposit from his former landlord, appellee Claudia Chiquillo. Kohler partially prevailed in that forum,[1] and Chiquillo, with assistance of counsel, pursued an appeal de novo to the county court at law. Those proceedings concluded with a final summary judgment that Kohler take nothing on his claims and also awarding Chiquillo $6,501.73 in damages on a counterclaim for breach of their lease, plus attorney's fees. Kohler, who has remained pro se at every stage of the proceedings, then perfected this appeal, urging several grounds for reversal. We will affirm in part and reverse in part.

In recent years, the Texas Supreme Court has emphasized the policy goal of ensuring access to justice for all Texans, including those who, like Kohler here, attempt to navigate our

---

[1] He obtained a judgment of $1,300.

civil justice system pro se. But when courts decide specific cases, the high court's mandate has remained that "[l]itigants who represent themselves must comply with the applicable procedural rules," because otherwise "they would be given an unfair advantage over litigants represented by counsel."[2] Those procedural rules are ultimately fatal to Kohler's principal arguments on appeal—but they also work some detriment on Chiquillo as well.

Given the ultimate importance of procedure in this case, a more-detailed-than-usual recitation of its procedural history is in order. This begins with Kohler's live pleading, which throughout the case remained the original petition he had filed in small-claims court. Liberally construing this pleading, Kohler sought recovery of a $1,950 security deposit from Chiquillo under the parties' lease agreement, a Texas Association of Realtors standard form. The form incorporated requirements from the Texas Property Code that included an obligation on the part of a landlord to refund a security deposit to the tenant on or before the 30th day after the date the tenant surrenders the premises.[3] However, the relevant Property Code provisions also permit the landlord to deduct from the deposit damages and charges for which the tenant is legally responsible for breaching the lease, including damages exceeding "normal wear and tear."[4] If the landlord retains all or part of a security deposit on this basis, the Property Code further requires he or she to refund the net balance

---

[2] *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (further observing that "[t]here cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves").

[3] Tex. Prop. Code § 92.103(a).

[4] *Id*. § 92.104(a), (b).

2

(if any) together with a "written description and itemized list of all deductions."[5] However, "[t]he landlord is not obligated to return a tenant's security deposit or give the tenant a written description of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit."[6]

In addition to incorporating these statutory requirements, the lease agreement elaborated that Chiquillo could deduct from the security deposit "reasonable charges" for, inter alia, damages exceeding "normal wear and tear" (defined therein as "deterioration that occurs without negligence, carelessness, accident, or abuse"), costs to clean and maintain the property, and unpaid rent, and that Kohler was obligated to pay Chiquillo for deductions that exceeded the amount of the security deposit within ten days of written demand. The lease also provided that Chiquillo had no obligation to make any refund until 30 days after Kohler surrendered the property and provided her a written statement of his forwarding address. The premise of Kohler's claim was thus that the lease compelled Chiquillo to pay him the entirety of his security-deposit amount, with no deductions, and that she had no grounds for withholding or delaying payment.

In response to Kohler's pleading, Chiquillo answered with a general denial and asserted as affirmative defenses "contributory negligence" (presumably a reference to the lease's definition of "normal wear and tear") and "estoppel." She also interposed a counterclaim for breach of the lease, alleging that Kohler had failed to compensate her for damages beyond normal wear and

---

[5] *Id*. § 92.104(a)–(c).

[6] *Id*. § 92.107(a).

tear that exceeded the amount of his security deposit. Based on that theory, Chiquillo prayed for damages and attorney's fees.[7]

Ultimately, in the trial court, Chiquillo filed a "traditional" motion for summary judgment as to both Kohler's claim and her own. Her evidence included the lease agreement and her own affidavits, in which she testified regarding alleged property damage she attributed to Kohler and authenticated photographs of the property and estimates and invoices related to repairs. Citing these documents, Chiquillo averred that Kohler owed her a total of $6,501.73 in damages, consisting of damage to the premises' floor that had been estimated to cost $6,231.57 to repair, damage to two sinks that had cost her a total of $389 to repair, $276.16 in prorated rent left unpaid by Kohler prior to vacating on May 5, 2013, and another $276 in cleaning costs. Chiquillo also referenced a printout of a May 11, 2013 text from Kohler in which he had provided his forwarding address and acknowledged "the damage I caused on the hardwood floors and [that] as discussed before I moved out I will take care of this."[8] Finally, Chiquillo attached affidavits and billing records to prove up trial-level attorney's fees in the amount of $1,500 and a total of $20,000 in conditional appellate attorney's fees.

Relying on this proof, Chiquillo moved for summary judgment on the ground that Kohler could not recover on his claim as a matter of law because the evidence conclusively

---

[7] *See* Tex. Civ. Prac. & Rem. Code § 38.001(8) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract.").

[8] But Kohler's text continued, "If you try to bill me for cleaning of the house or additional items[,] I will be more than happy to visit with you in small claims court." He also referenced "testimonials" from neighbors that had been part of his proof before the small-claims court but are not within the summary-judgment record.

established that permissible deductions for property damage beyond "normal wear and tear," unpaid rent, and cleaning costs exceeded the amount of his security deposit. Alternatively, Chiquillo sought summary judgment on her affirmative defenses of "contributory negligence" and "estoppel." And, citing the same underlying evidence, Chiquillo sought summary judgment *as to liability only* on her counterclaim for breach of the lease, emphasizing that Rule of Civil Procedure 166a explicitly permits this practice[9] and making no attempt to establish any specific amount of damages in excess of the $1,950 security-deposit amount. Chiquillo set her summary-judgment motion for hearing on April 30, 2014.

Kohler countered with a response in opposition to Chiquillo's motion and a cross-motion for summary judgment on his own claim under the lease. He attached as evidence a copy of the lease that differed somewhat from Chiquillo's version. But more critically, Kohler also attached a copy of what purported to be an email from Chiquillo providing him the required written description and itemized list of the deductions she was claiming from his security deposit. There are two features of this email of potential significance to the parties' dispute. The first is the date of the email—June 11, 2013, which would be the 31st day after the date of the May 11, 2013 text in which Kohler had provided his forwarding address.[10] The second potentially significant feature of the email is the amount of deductions Chiquillo claimed—in contrast to her subsequent affidavit

---

[9] *See* Tex. R. Civ. P. 166a(c) ("The judgment sought shall be rendered forthwith if [the summary-judgment record] show[s] that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion . . . .").

[10] *See infra* note 11 and accompanying text.

claiming over $6,500 in damages, her email claimed only $2,310.33, with the difference being attributable primarily to a much lower estimate of floor repair costs of $1,534.17.

In support of both his response and cross-motion, Kohler argued that the evidence presented by both sides collectively established or at least raised a fact issue as to whether he was entitled to the benefit of Property Code Section 92.109. That statute provides that a landlord's failure either to return a security deposit or to provide the required written description and itemization of deductions within the 30-day deadline[11] gives rise to a presumption that he or she acted in bad faith.[12] Unless the landlord can rebut that presumption as to his retention of a security deposit, the landlord is liable to the tenant for an amount equal to the sum of $100, plus three times the amount wrongfully withheld, plus the reasonable attorney's fees the tenant incurs in a suit to recover the deposit.[13] Similarly, any failure by the landlord to provide the written description and itemized list as required that is in bad faith (including that which is presumed to be so and not rebutted) forfeits the landlord's right "to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises," plus entitles the tenant to reasonable attorney's fees

---

[11] More specifically, as previously noted, Section 92.109 provides that the deadline is the 30th day after the date the tenant surrenders possession, Tex. Prop. Code § 92.109(d), but the lease provided that the trigger date for the 30-day period was the date Kohler provided his forwarding address. *See also id*. § 92.107(a) ("The landlord is not obligated to return a tenant's security deposit or give the tenant a written description of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit.").

[12] *See id*. § 92.109(d).

[13] *See id*. § 92.109(a).

6

in a suit to recover the deposit.[14]  In addition to his reliance on Property Code Section 92.109, Kohler attacked the legal sufficiency of Chiquillo's summary-judgment grounds relating to her "estoppel" and "contributory negligence" defenses, observing (accurately) that Chiquillo "did nothing other than list the elements of the affirmative defense of Estoppel" and disputing that contributory negligence was a defense to his contract claim.

Within the hour prior to the scheduled hearing on April 30, 2014, Chiquillo filed several written objections to various aspects of Kohler's filing.  This included an objection to Kohler's cross-motion for failure to serve it at least 21 days prior to the hearing.[15]  Kohler had not included a certificate of service in the document, so Chiquillo relied on extrinsic proof that Kohler had served her by certified mail, return receipt requested on April 22, the eighth day before the hearing.  Although thus supporting her timeliness objection as to Kohler's motion, Chiquillo's argument and evidence also had the effect of conceding that Kohler had timely served her with his response to her motion.[16]  But Chiquillo also asserted other types of objections to the response, including an objection to the entirety of Kohler's summary-judgment evidence based on lack of authentication.  She further objected to Kohler's grounds based on Property Code Section 92.109, observing that he had not pleaded that claim or defense.

---

[14]  *See id*. § 92.109(b).

[15]  *See* Tex. R. Civ. P. 166a(c).

[16]  *See id*. R. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (per curiam) (summary-judgment response is timely if mailed by seventh day prior to hearing).

The summary-judgment hearing went forward as scheduled, and there were no further filings in advance of the court's ruling, nor was a reporter's record of the proceedings made. The record does not reflect that Kohler sought a continuance or otherwise preserved any complaint with the timing of the hearing or any perceived lack of opportunity to respond to Chiquillo's objections. Nor is there any indication that Kohler sought to amend his pleadings. Conversely, the record also does not reflect that Chiquillo obtained any ruling or order on her objections to Kohler's summary-judgment evidence.

Following the hearing, the trial court signed an order granting only Chiquillo's motion, holding specifically that she was entitled to summary judgment on her breach-of-lease counterclaim and that Kohler "has not pled any affirmative defense that would preclude summary judgment in this case." The court further held that Chiquillo had negated any right of Kohler to recover on his breach-of-lease claim and had also conclusively established both her "contributory negligence" and "estoppel" affirmative defenses. The order additionally awarded Chiquillo $6,501.73 in damages for breach of the lease (corresponding to the amount of damages she had claimed in her affidavit), plus all of the attorney's fees she had requested and proven.[17] Finally, the order included *Lehmann* language confirming the court's intent to dispose of all claims so as to comprise a final judgment.[18]

---

[17] The judgment actually contains two largely duplicative paragraphs awarding Chiquillo $1,500 in trial-level attorney's fees. This appears to be a clerical error, as she purported to prove up only one award of $1,500 in trial-level fees.

[18] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001) (setting forth language that indicates judgment is final and appealable).

8

Kohler has appealed this judgment, seeking reversal of the summary judgment in Chiquillo's favor and remand for further proceedings; he no longer urges that he is entitled to summary judgment on his own breach-of-the-lease claims. He brings five issues. We consider them without the aid of Chiquillo's perspective, as she has opted not to file appellate briefing.

In his first issue, Kohler complains that the trial court "refused to hear [his] arguments about summary judgment." By this, as we understand his arguments, Kohler is referring to Chiquillo's objections to his summary-judgment evidence for lack of authentication, which he apparently perceives that the trial court sustained. To the contrary, Chiquillo did not obtain any ruling on her objections, let alone one excluding Kohler's evidence, so those objections were waived.[19] Consequently, Kohler's summary-judgment evidence was before the trial court and can be considered on appeal.

Kohler also asserts that the trial court "refused to hear the arguments included in [his] response because the response lacked a Certificate of Service." Again there is no indication to that effect from the record, which instead reflects that Kohler's response was timely served, was therefore before the trial court, and can be considered on appeal. Because these complaints would appear to be founded on simple misunderstandings of the record, we overrule Kohler's first issue.

---

[19] *See, e.g.*, *Akhter v. Schlitterbahn Beach Resort Mgmt., LLC*, No. 03-13-00117-CV, 2013 Tex. App. LEXIS 10522, at \*3–4 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.) (objections to form of summary-judgment proof are waived if objecting party fails to obtain ruling on objection or written order signed by trial court); *see also* Tex. R. Civ. P. 166a(f) ("Defects in the form of affidavits . . . will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.").

In Kohler's second issue, he brings forward his arguments in reliance on Property Code Section 92.109, urging that the evidence previously discussed raises fact issues as to whether Chiquillo has any right to bring her claims at this juncture and whether he is entitled to relief under that statute. Whatever the potential merits of these arguments, we are compelled to overrule them because Kohler's live pleadings did not raise Section 92.109 as a bar to his liability under the lease, as was required for him to rely on same,[20] and Chiquillo objected to that absence.[21] Further, in holding that Kohler "has not pled any affirmative defense that would preclude summary judgment in this case," the trial court necessarily sustained Chiquillo's objection, and we do not understand Kohler to be challenging this procedural ruling, as opposed to urging the merits of his defense.

In his third issue, Kohler urges that "a question of fact [remains] regarding whether [Chiquillo] had any lawful right to retain any of [his] security deposit." In support of that assertion, Kohler relies in part on the substance of his second issue, which we must reject for the same reasons. However, Kohler also points out the "discrepancies" in the amounts Chiquillo claimed as damages in her summary-judgment affidavit, $6,501.73, versus her earlier text citing a $2,301.33 figure. We agree that this discrepancy presents a fact issue as to the specific amount of damages Chiquillo incurred, precluding the summary judgment awarding her the $6,501.73 figure. Indeed, Chiquillo

---

[20] *See* Tex. R. Civ. P. 94 (requiring affirmative pleading of "any . . . matter constituting an avoidance or affirmative defense"); *see also Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015) (explaining that affirmative defenses historically include grounds that, if proven, defeat liability even if plaintiff's allegations are true, while avoidances denote additional facts that, if proven, would deprive plaintiff's allegations of the legal effect they otherwise would have).

[21] *Cf. Roark v. Stallworth Oil & Gas., Inc.*, 813 S.W.2d 492, 494–95 (Tex. 1991) (recognizing that summary judgment ground can be founded on unpleaded affirmative defense *if* opposing party fails to object to the absence of pleading).

would not be entitled to that award via summary judgment regardless because, as previously explained, she did not seek any specific amount of damages in her summary-judgment motion, only a judgment as to Kohler's liability for breaching the lease.[22]

On the other hand, Kohler has not demonstrated the existence of any fact issue as to whether Chiquillo's damages were any less than the $1,950 amount of the security deposit. Even under Kohler's summary-judgment evidence, Chiquillo incurred at least $2,300 in repair costs. This is fatal to Kohler's claim against Chiquillo for breach of the lease and correspondingly establishes Kohler's liability for breach of the lease (although not the amount of damages) as a matter of law. We accordingly sustain Kohler's third issue in part and overrule it in part.

In his fourth and fifth issues, Kohler challenges the trial court's summary judgment on Chiquillo's affirmative defenses of "contributory negligence" and "estoppel." Because we have held that Kohler cannot prevail on his claims for reasons independent of these defenses, we need not reach these grounds.[23]

The foregoing holdings require that we: (1) affirm the trial court's summary judgment that Kohler take nothing on his claims for breach of the lease; (2) affirm the summary judgment on Chiquillo's breach-of-lease claims to the extent of liability only; and (3) reverse the judgment award of damages to Chiquillo and remand that issue for further proceedings.[24]

---

[22] *See, e.g.*, *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (summary judgment must stand or fall exclusively on grounds asserted in the motion).

[23] *See* Tex. R. App. P. 47.1.

[24] Kohler has not brought any challenge to the judgment award of attorney's fees.

11

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed in part; Reversed and Remanded in part

Filed:   July 15, 2016