**Affirmed and Memorandum Opinion filed August 5, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00792-CV

_____

### JASON DEYO, Appellant

### V.

### CHAD DWAYNE BRADSHAW AND KENNETH RANDALL HUFSTETLER, Appellees

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 103573-CV**

## MEMORANDUM OPINION

Following an enforcement proceeding relating to a child-support order, appellant Jason Deyo filed this lawsuit asserting claims of false imprisonment and gross negligence against two judges presiding over the enforcement proceedings, appellees Chad Dwayne Bradshaw and Kenneth Randall Hufstetler. Deyo and the judges filed competing motions for summary judgment. Among other arguments, the judges asserted that judicial immunity barred Deyo's suit. The trial court

granted the judges' motion. We affirm.

## I. BACKGROUND

During the relevant time period, Judge Hufstetler was the district judge for the 300th District Court; Judge Bradshaw was the associate judge for that same court. In 2009, as part of a suit affecting the parent-child relationship, the 300th District Court signed a final order requiring Deyo, among other things, to pay child support to his ex-wife. In 2017, Deyo's ex-wife filed a motion in the 300th District Court to enforce the child-support order, followed by an amended motion to enforce the order. After a hearing on the amended order before Associate Judge Bradshaw, Judge Bradshaw rendered orders holding Deyo in contempt for violating the child-support order and committing Deyo to jail for 180 days for each of 17 violations, with the periods of confinement to run concurrently. The day after the hearing, Judge Hufstetler signed an order memorializing Associate Judge Bradshaw's orders. Deyo filed a petition for a writ of habeas corpus, which Judge Hufstetler granted, releasing Deyo after less than a month of confinement.

## II. ANALYSIS

### A. Subject-matter jurisdiction

We first address our subject-matter jurisdiction, specifically whether the trial court's order granting the judges' summary-judgment motion was a final, appealable judgment. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (appellate court is "obligated to review sua sponte issues affecting jurisdiction" even if not raised by parties). A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In *Lehmann*, the supreme court instructed that, "in cases in which only one final and appealable judgment can be rendered, a judgment issued

2

without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93. If the judgment is not "unmistakably clear," to determine whether a judgment disposes of all pending claims and parties, it may be necessary for the appellate court to look to the record in the case. *Id.* at 205–06. "[A]n order that all parties appear to have treated as final may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise." *Id.* at 206.

Deyo's petition names three defendants: Judge Hufstetler, Associate Judge Bradshaw, and the State of Texas. The trial court's order on defendants' motion for summary judgment, however, only addresses claims against the judges:

> After considering Defendants District Court Judge K. Randall Hufstetler and Associate Judge Chad D. Bradshaw's Motion for Summary Judgment, the pleadings, the response, the reply, and the other evidence on file, the Court GRANTS the Motion for Summary Judgment.
>
> Accordingly, the Court orders Plaintiff Jason Deyo to take nothing on his claims against Defendants District Court Judge K. Randall Hufstetler and Associate Judge Chad D. Bradshaw.

A judgment that does not dispose of unserved parties still may be final for purposes of appeal when (1) the judgment expressly disposes of some, but not all defendants, (2) the only remaining defendants have not been served or answered, and (3) nothing in the record indicates that plaintiff ever expected to obtain service on the unserved defendants, such that the case "stands as if there had been a discontinuance" as to the unserved defendants. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *see M.O. Dental Lab*, 139 S.W.3d at 675

3

(holding that decision in *Penn* survives *Lehmann*).

Here, Associate Judge Bradshaw and Judge Hufstetler were served, appeared, and answered. Our review of the record does not reveal any efforts by Deyo to serve the State of Texas, and there is no appearance or answer by the State. Accordingly, we turn to whether the record indicates that Deyo "ever expected to obtain service" on the State. *See Penn*, 363 S.W.2d at 232. The record contains no request for a citation for the State. Indeed, in his listing of the parties, while Deyo lists addresses where the two judges may be served, he does not do so for the State of Texas:

> Defendant, THE STATE OF TEXAS is sued for Plaintiff[']s personal injuries caused by the gross and negligent acts or omissions of its employees. Those employees were acting within the scope of their office or employment under circumstances where THE STATE OF TEXAS, if a private person, would be liable to Plaintiff in accordance with Texas Civil Practice & Remedies Code § 41.005(b)(1).

This language, which does not include any information about where or how the State of Texas might be served, indicates that Deyo did not intend to serve the State. *Cf. Fair Oaks Hous. Partners, LP v. Hernandez*, 616 S.W.3d 602, 606–07 (Tex. App.—Houston [14th Dist.] 2020, no pet. h.) (plaintiff's listing of defendant's address as "unknown" in original and amended petitions indicated that plaintiff did not intend to serve that defendant). In addition, in his own motion for summary judgment, while Deyo lists the State of Texas as a party, he also states, "On July 23rd defendants filed an Answer that contained a 'General Denial' along with numerous Unmeritorious claims and untenable affirmative defenses." Only the judges had filed answers, indicating that Deyo did not view the State of Texas as a separate party to be served. Further, we note that Deyo appealed the trial court's judgment without arguing, either in the trial court or this court, that the

judgment was not final because it did not dispose of claims against the State of Texas. We conclude nothing in the record indicates that Deyo ever expected to obtain service on the State of Texas. Accordingly, the trial court's order granting the judges' summary-judgment motion, which disposes of all claims against the judges, is final and appealable. *See Penn*, 363 S.W.2d at 232.

## B. Notice of summary-judgment hearing

In issue 1, Deyo argues that he did not receive sufficient notice of the hearing on the judges' summary-judgment motion because the notice of hearing was filed on August 5, 2019 at 3:12 p.m., setting the hearing for August 26, 2019 at 9:00 a.m. Deyo complains that he did not receive the required 21-days notice; instead, the hearing was "six (6) hours and 12 minutes early and thus has not met the 21 day requirement found under Tex. R. Civ. P. 166a(c)." *See* Tex. R. Civ. P. 166a(c).

Rule 4 states, in relevant part, the following regarding the computation of time under the Rules of Civil Procedure:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

Tex. R. Civ. P. 4. In *Lewis v. Blake*, the supreme court applied Rule 4 to service of hearing on a Rule 166a(c) summary-judgment motion:

> Rule 4 could not be plainer: it applies to any period of time prescribed by the rules of procedure, and Rule 166a is one of those rules. Applying Rule 4 to Rule 166a(c), the day of service is not to be included in computing the minimum 21–day notice for hearing, and the day of hearing is. Thus, hearing on a motion for summary

judgment may be set as early as the 21st day after the motion is served, or the 24th day if the motion is served by mail.

876 S.W.2d 314, 316 (Tex. 1994). In this case, notice of hearing on the judges' summary-judgment motion was filed on August 5 setting the hearing for August 26, which was the 21st day after the motion was filed. *See id.* We conclude that Deyo has not shown service of the notice of hearing was untimely.

We overrule issue 1.

## C. Judicial immunity

In issues 2 through 10, Deyo makes various arguments as to why the judges are not immune from suit under the doctrine of judicial immunity. Deyo focuses on his allegation that, although he was incarcerated following the hearing on the amended motion for enforcement, he was not "personally served" with notice of the hearing as required by Family Code section 157.062(c). Tex. Fam. Code Ann. § 157.062(c).[1] He also claims he was not served with the motion for enforcement itself. Deyo argues that, in light of these procedural deficiencies, the judges denied him procedural due process—Associate Judge Bradshaw, by proceeding with the hearing and rendering orders following the hearing, and Judge Hufstetler, by signing the written order following the hearing. Deyo contends his claims are supported by the fact that Judge Hufstetler later granted his habeas-corpus petition

---

[1] Section 157.062(c) provides:

Notice of hearing on a motion for enforcement of a final order providing for child support or possession of or access to a child, any provision of a final order rendered against a party who has already appeared in a suit under this title, or any provision of a temporary order shall be given to the respondent by personal service of a copy of the motion and notice not later than the 10th day before the date of the hearing. For purposes of this subsection, "temporary order" includes a temporary restraining order, standing order, injunction, and any other temporary order rendered by a court.

Tex. Fam. Code Ann. § 157.062(c).

and released him from prison. Deyo also complains that the lack of personal service of the hearing notice deprived the trial court of personal jurisdiction over him.

Judges acting in their official judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction. *See Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). This immunity extends to actions that are done "in error, maliciously, and even in excess of the judge's authority." *Twilligear v. Carrell*, 148 S.W.3d 502, 504 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). Judicial immunity is overcome only for actions that are: (1) nonjudicial, i.e., not taken in the judge's official capacity, or (2) taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Twilligear*, 148 S.W.3d at 504.

We first determine whether the judges' actions were "judicial." Whether an act is judicial for this purpose is determined by the nature of the act, i.e., whether it is a function normally performed by a judge, as contrasted from other administrative, legislative, or executive acts that simply happen to be done by judges. *Twilligear*, 148 S.W.3d at 504–05. Judicial acts include those performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts. *Id.* at 505. Conversely, nonjudicial acts include other tasks, even though essential to the functioning of courts and required by law to be performed by a judge, such as: (1) selecting jurors for a county's courts; (2) promulgating and enforcing a code of conduct for attorneys; and (3) making personnel decisions regarding court employees and officers. *Id.*

Here, the judges' actions—holding a hearing and ruling on a motion—are

quintessential judicial actions.[2] *See id.* at 504–05. While Deyo may disagree with the judges' decisions, these are nonetheless judicial acts, even if there were errors of procedural due process relating to service of the enforcement motion and notice of hearing. *See Stump*, 435 U.S. at 359 (rejecting argument that actions were nonjudicial due to judge's "failure to comply with elementary principles of procedural due process" and explaining that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors").

We next examine whether the judges' actions were "taken in the complete absence of jurisdiction." In determining whether an act was "clearly outside" a judge's jurisdiction for judicial-immunity purposes, the focus is not on whether the judge's specific act was proper or improper, but on whether the judge had the subject-matter jurisdiction necessary to perform an act of that kind in the case.[3] *Bradt v. West*, 892 S.W.2d 56, 68 (Tex. App.—Houston [1st Dist.] 1994, writ denied). This case concerns enforcement of a 2009 child-support order by the 300th District Court, the court over which Judge Hufstetler and Associate Judge Bradshaw presided during the relevant time period. A trial court has inherent judicial authority to enforce its orders and decrees, *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, no writ) (collecting cases), and statutory authority to enforce its temporary or final child-support orders in suits affecting the parent-child relationship. *See* Tex. Fam. Code Ann. § 157.001(a), (c),

---

[2] The factors we consider in determining whether a judge's act is "judicial" are whether (1) the act complained of is one normally performed by a judge, (2) the act occurred in the courtroom or an appropriate adjunct such as the judge's chambers, (3) the controversy centered around a case pending before the judge, and (4) the act arose out of an exchange with the judge in the judge's judicial capacity. *Bradt v. West*, 892 S.W.2d 56, 67 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

[3] Accordingly, Deyo's arguments concerning personal jurisdiction are not relevant to this analysis.

(d). Moreover, the trial court had statutory authority to hold Deyo in contempt for violations of the child-support order. Tex. Fam. Code Ann. § 157.001(b) ("The court may enforce by contempt any provision of a temporary or final order."). We conclude the judges' actions were not "taken in the complete absence of jurisdiction."

Because the actions complained of were judicial actions and were not taken in the complete absence of subject-matter jurisdiction, we conclude the trial court properly rendered summary judgment in favor of the judges on judicial-immunity grounds. We overrule Deyo's issues 2 through 10. We do not address issues 11 and 12, as these issues concern alternate arguments that would not afford Deyo any relief given our conclusion the judges were entitled to judicial immunity. Tex. R. App. P. 47.1.

### III.    CONCLUSION

We affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.

9